UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CURTIS TERRELL, ET AL. | CIVIL ACTION NO. 20-999 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAYSON RICHARDSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a partial motion to dismiss, filed by Defendants, DeSoto Parish Sheriff Jayson Richardson ("Sheriff Richardson") and DeSoto Parish Deputies Jason Allgrunn ("Allgrunn"), Michael Banta ("Banta"), and Jeffery Henderson, Jr. ("Henderson") (collectively, "Defendants"). The motion has been fully briefed. For the reasons below, the motion [Record Document 21] is **GRANTED IN PART** and **DENIED IN PART**.

I. <u>Background</u>

Plaintiffs, Curtis and Angela Terrell, filed this civil rights action against Sheriff Richardson, in his official capacity, and Deputies Allgrunn, Banta, and Henderson, in their individual and official capacities. Record Documents 1 & 19. In their amended complaint, Plaintiffs allege that Angela Terrell called the police when Curtis Terrell expressed that he was contemplating suicide. Deputy Allgrunn responded to the call and allegedly slammed Curtis Terrell against the police car, conducted a pat-down search of him, tackled him to the ground, punched him, and handcuffed him. Plaintiffs contend that Angela Terrell tried to record this interaction and inquired about calling an ambulance, but Allgrunn grabbed her by her hair and threw her into his car. Later, Deputies Henderson and Banta arrived at the scene and assisted in detaining Plaintiffs. Angela Terrell was

released, but Curtis Terrell spent five days in jail before the district attorney dismissed the charges against him.

Plaintiffs assert a multitude of federal and state law claims surrounding their arrest and detention. *See generally* Record Document 19. Defendants filed a partial motion to dismiss in which they seek to dismiss any purported excessive force claim under the Fourteenth Amendment standard, all official capacity claims against the Deputies, and the Fourth Amendment malicious prosecution claim. *See generally* Record Document 21.

Defendants' partial motion to dismiss is purely legal in nature. The following issues are before the Court: (1) what standard applies to Plaintiffs' excessive force claims; (2) whether the Court should dismiss the official capacity claims against the Deputies; and (3) whether the Fifth Circuit recognizes a standalone claim for malicious prosecution under the Fourth Amendment of the United States Constitution.

II. **Motion to Dismiss Standard**

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court may dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines

whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Excessive Force Claims under the Fourteenth Amendment

In count 2 of their amended complaint, Plaintiffs allege that Allgrunn committed excessive force in violation of the Fourth Amendment and Fourteenth Amendment of the United States Constitution. Record Document 19 ¶¶ 96 & 100. All parties agree that the Fourth Amendment standard is the proper legal standard to evaluate Plaintiffs' excessive force claims, not the Fourteenth Amendment standard, which is applicable to pre-trial detainees. *See Graham v. Connor*, 490 U.S. 386, 388 (1989); *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993); *Malbrough v. Stelly*, 814 F. App'x 798, 801 n.7 (5th Cir. 2020) ("And when a claim is properly analyzed under the Fourth Amendment, the Fourteenth is inapplicable."). The Court interprets Plaintiffs' reference to the Fourteenth Amendment as merely establishing that the Fourth Amendment is applicable to state actors via the Fourteenth Amendment. *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020). Accordingly, Defendants' motion to dismiss is **DENIED AS MOOT** to this extent.

### IV. Official Capacity Claims

Defendants move to dismiss Plaintiffs' official capacity claims against Allgrunn, Banta, and Henderson. In suits brought under 42 U.S.C. § 1983, state officials can be sued in either their individual or official capacities. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *see Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017). An official capacity suit against a municipal officer duplicates a suit against the officer's municipality. *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The final policymaker is typically the proper defendant to name in an official

capacity suit. *See Grafton v. Bailey*, No. CV 13-2940, 2018 WL 2325410, at *6 (W.D. La. May 22, 2018).

Here, Plaintiffs have named Sheriff Richardson in his official capacity. It is undisputed that Sheriff Richardson is the final policymaker of the DeSoto Parish Sheriff's Department. If Plaintiffs are successful on the merits, they can obtain all the relief they seek by proceeding against Allgrunn, Banta, and Henderson in their individual capacities and Sheriff Richardson in his official capacity. *See Singleton v. Cannizzaro*, 956 F.3d 773, 778 n.3 (5th Cir. 2020).[1] Therefore, Defendants' motion to dismiss is **GRANTED** to this extent; the official capacity claims against Allgrunn, Banta, and Henderson are **DISMISSED WITH PREJUDICE** as redundant of the official capacity claims against Sheriff Richardson.

### V.     Fourth Amendment Malicious Prosecution Claim

In count 3 of their amended complaint, Plaintiffs assert a claim for malicious prosecution in violation of the Fourth Amendment of the United States Constitution. Record Document 19 at 22–24. Although the Fifth Circuit once recognized such a constitutional claim, the Fifth Circuit extinguished the malicious-prosecution theory in *Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003) (*en banc*). More recently, the Fifth Circuit reaffirmed its position "that malicious prosecution and abuse of process are torts, not constitutional violations." *Morgan*, 969 F.3d at 245; *see Anokwuru v. City of Houston*, 990 F.3d 956, 964 (5th Cir. 2021). Nevertheless, "[t]he facts underlying these tort allegations may *constitute* unconstitutional searches, seizures, or violations of due process. But that

---

[1] Plaintiffs cite to *Singleton* in their brief in opposition to dismissal. The Court notes that in *Singleton*, the District Attorney was the only defendant sued in his official capacity for damages and injunctive relief; the Assistant District Attorneys were only sued in their individual capacities for damages and injunctive relief. 956 F.3d at 778. Thus, *Singleton* does not support Plaintiffs' argument against dismissal.

does not convert the common law tort into a violation of the Constitution." *Morgan*, 969 F.3d at 245.

Because "[t]here is no constitutional right to be free from malicious prosecution," "qualified immunity bars [Plaintiffs'] § 1983 malicious prosecution claims against" Allgrunn, Henderson, and Banta. *Id.* at 246. To be clear, "[i]n so far as the [Defendants'] bad actions (that happen to correspond to the tort of malicious prosecution) result in an unreasonable search or seizure, those claims may be asserted under § 1983 as violations of the Fourth Amendment." *Id.* at 245–46. Thus, Defendants' motion to dismiss is **GRANTED** in this regard; Plaintiffs' standalone malicious prosecution claim under the Fourth Amendment is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based on the foregoing reasons, Defendants' motion to dismiss [Record Document 21] is **GRANTED IN PART** and **DENIED IN PART**. Because the Court concludes that Plaintiffs are not asserting excessive force claims based upon the Fourteenth Amendment standard, Defendants' motion is **DENIED AS MOOT** to this extent. The motion is **GRANTED** as to Plaintiffs' standalone Fourth Amendment malicious prosecution claims and official capacity claims against Allgrunn, Henderson, and Banta; these claims are **DISMISSED WITH PREJUDICE**. This matter is **REFERRED** to the Magistrate Judge for the entry of a new scheduling order when appropriate.

**THUS DONE AND SIGNED** this 30th day of March, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE