# EXHIBIT AA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| HANNAH DAVIS A/K/A HANNAH CALLAWAY | CASE NUMBER: 19-CV-01330 |
| VERSUS | JUDGE: |
| DESOTO PARISH SHERIFF'S DEPARTMENT, SHERIFF JAYSON RICHARDSON, individually and in his official capacity as DeSoto Parish Sheriff, CORPORAL CHRIS THOMAS, individually and in his official capacity as DeSoto Parish Deputy Sheriff, and DEPUTY JEFFREY HENDERSON, individually and in his official capacity as DeSoto Parish Deputy Sheriff | MAGISTRATE JUDGE: CIVIL RIGHTS ACTION 42 U.S.C. § 1983 JURY DEMAND |

## COMPLAINT

### I. INTRODUCTION

1. This is an action pursuant to 42 U.S.C.§§ 1983 and 1988, for damages, punitive damages, and attorney's fees to redress defendants' violations of plaintiff's rights as protected by of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution by the defendants. The State of Louisiana had instituted prosecution of the above-named defendant in the above-captioned matter for Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1) which was filed on October 25, 2018. This criminal matter is still pending. The incident of her arrest took place on or about October 11, 2018. The factual basis of the charge is that the defendant was found unconscious on the passenger side of a parked vehicle (the said vehicle was parked on the west bound lane on a small bridge) by two male DeSoto Parish Sheriff's deputies Deputy Jeffrey Henderson and Corporal Chris Thomas. Both deputies found her to be nude from the waist down.

1

Without permission from higher authority, Corporal Chris Thomas gave her a "sternum rub" between the defendant's breast area while she lay unconscious (without her express consent and while she lacked capacity to consent). While still nude from the waist down, both said male deputies manages to stand the plaintiff up, and then both said male deputies "groped" the female plaintiff while putting on her jogging pants (again without her express consent and while she lacked capacity to consent). Neither said deputies called for assistance of a female DeSoto Parish Sheriff's deputy nor an emergency first-responder service.

## II. PARTIES

2. Plaintiff is HANNAH DAVIS a/k/a HANNAH CALLAWAY ("Davis"), who is a person of the age of majority and a resident of the State of Texas. She has three (3) pending criminal charges in the State of Louisiana. And she is currently incarcerated in unrelated matter in the State of Texas.

3. Defendant are the following:

    a. JAYSON RICHARDSON ("Sheriff"), individually and in his official capacity as DeSoto Parish Sheriff;

    b. CORPORAL CHRIS THOMAS ("Corporal Thomas"), individually and in his official capacity as DeSoto Parish Deputy Sheriff;

    c. DEPUTY JEFFREY HENDERSON ("Deputy Henderson"), individually and in his official capacity as DeSoto Parish Deputy Sheriff;

    d. John Does 1 Thru 10, individually and their official capacity as employees of the DeSoto Parish Sheriff's Department who are responsible for the violation of the plaintiff's rights under the U.S. Constitution, federal laws, and laws of the State of Louisiana in this matter, whose identities are yet unknown but who will be uncovered during discovery; AND

    e. DeSoto Parish Sheriff's Department.

## III. JURISDICTION AND VENUE

4. Plaintiff Davis asserts claims pursuant to federal laws and the United States Constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C.§§ 1331 and 1343 to hear and decide claims arising under the United States Constitution and laws of the United States. This

2

court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide claims asserted under state law and arising from the same facts and circumstances as those forming the basis of the federal law claims.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 139 (b).

### IV. STATEMENT OF FACTS

6. Plaintiff Davis has been charged by Bill of Information with the crime of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1). The basis of the charge is that Plaintiff Davis was found unconscious on the passenger side of a parked vehicle (the said vehicle was parked on the west bound lane on a small bridge) by two male DeSoto Parish Sheriff's deputies Defendants Deputy Henderson and Corporal Thomas.

7. Both Defendants Deputy Henderson and Corporal Thomas found Plaintiff Davis to be nude from the waist down.

8. Both Defendants Deputy Henderson and Corporal Thomas found Plaintiff Davis to be unconscious with both said male deputies exhibiting signs of apparent deliberate disregard for the Plaintiff's medical condition.

9. Without Plaintiff's Davis' consent and without permission from higher authority, Defendant Corporal Thomas (without wearing gloves) gave the female Plaintiff a "sternum rub" between the her breast area.

10. As a result of the said "sternum rub" Plaintiff awakened but was clearly under the influence of some unknown substance as evidenced by her groaning and sleepy appearance.

11. Then both said male Defendant deputies "stood" the Plaintiff up and "groped" her while putting on her jogging pants.

12. Despite finding the Plaintiff unconscious and visibly incapable of giving informed consent to touching, neither said Defendant deputies called for assistance of a female employee of the DeSoto Parish Sheriff's Department nor sought the assistance of emergency first-responders.

13. In the videotape of the arrest Defendant Corporal Thomas announced on his car radio that the Plaintiff was found nude below the waist and that he had awaken her with a "sternum rub".

14. In response, the DeSoto Parish Sheriff's Department employee neither informed the said Defendants Corporal Thomas and Deputy Henderson to seek assistance from a female employee of the DeSoto Parish Sheriff's Department nor to seek assistance from an emergency first-responder.

15. In the said videotape both said Defendant deputies placed Plaintiff Davis in "Miranda custody" according to *Maryland v. Shatzer*. See, *Maryland v. Shatzer*, 559 U.S. 98 (2010).

16. In the said videotape neither said Defendant deputies read Plaintiff Davis her Miranda Rights before one of the said Defendant deputies asked Plaintiff Davis who was in the vehicle with her.

17. In response (and without being advised of her Miranda Rights first) to the question concerning the number of persons in her vehicle, Plaintiff Davis answered that she was the only person in the vehicle.

18. In the said videotape, Plaintiff Davis appeared to be emotionally distressed especially after both said Defendant deputies touched her below the nude area of her waist.

19. In the videotape, Louisiana State Trooper Matthew Speir (#4202) ("Trooper Speir") arrived on the scene and he conducted a field sobriety test of Plaintiff Davis (despite her apparent distress after having both Defendant male deputies placing his hands on or near her nude areas).

20. After being informed that both said Defendant deputies found Plaintiff Davis unconscious, nude below her waist, and that Defendant Corporal Thomas had given Plaintiff Davis a "sternum rub",

a seemingly unconcerned Trooper Speir gave Plaintiff Davis her "Miranda warning" after he first conducted a field sobriety test of the clearly distressed Plaintiff Davis.

21. After Trooper Speir determined that the "visibly sobbing" Plaintiff Davis failed her field sobriety test, he arrested Plaintiff Davis on suspicion of drunk driving.

22. In the videotape and after her arrest, Trooper Speir asks the sobbing Plaintiff Davis if anything was wrong with her.

23. In the videotape and after her arrest, Trooper Speir placed the visibly sobbing Plaintiff Davis in his patrol vehicle and asks her several times if anything was wrong with her.

24. In the videotape and after her arrest, Trooper Speir showed absolutely no concern after he learned that both said Defendant deputies had touched Plaintiff Davis in the nude areas below her waist.

25. In his written report when conducting the field sobriety test, the seemingly unconcerned Trooper Speir comments on her crying which suggests distress from the earlier acts of coercion by both said Defendant deputies.

26. In the videotape Plaintiff Davis never waived her Fourth (search of her vehicle and person), Fifth (self-incrimination clause) and Sixth Amendment (right to an attorney unless a suspect had been made aware of her rights and the suspect had then waived them rights) under the U.S. Constitution.

27. In the videotape and after placing Plaintiff Davis in "Miranda Custody" neither Defendant found that the unconscious Plaintiff Davis (and later clearly distressed Plaintiff Davis) was resisting arrest and there was no reason to control her behavior by touching her breast area or below her waist.

28. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v.*

*Connor*, 490 U.S. 386, 396-97 (1989). And as evidenced by the videotape it was unreasonable for both said Defendant deputies to place their hands on the nude areas below the waist of Plaintiff Davis without her consent especially when the it was apparent that Plaintiff Davis was found unconscious and appeared to be under the influence of an unknown substance (thus she did not have the capacity to give her consent to be touched in her breast area and in the nude areas below her waist).

29. Both said Defendant deputies used more force than is reasonably necessary to arrest or gain control of the victim Plaintiff Davis when Defendant Corporal Thomas administered his "sternum rub" and when both said Defendant deputies both placed their hands on the nude areas below the waist of Plaintiff Davis when "putting on" her jogger pants.

30. At the time of her arrest Plaintiff Davis was not a convicted prisoner whereby "the government must show that the law enforcement officer used physical force to punish, retaliate against, or otherwise cause harm to the prisoner, rather than to protect the officer or others from harm or to maintain order in the facility." See *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

31. As evidence of the lack of credibility of Defendant Corporal Thomas, Plaintiff Davis further shows that Defendant Corporal Thomas is currently under investigation for his participation in the Local Agency Compensated Enforcement (LACE).

32. As a participant of LACE Defendant Corporal Thomas is being investigated for possible violation of La. RS 14:138 (A)(1) (i.e. Public payroll fraud), La. 14:67 (A) (i.e. Theft), La. RS 14:133 (A)(1) and (2) (Filing or maintaining false public records), and La. RS 14:134(A) 14:134 ( Malfeasance in office).

33. Prior to the complained incident in the instant matter Defendant Sheriff has neither disciplined nor fired Defendant Corporal Thomas despite said Defendant being investigated for possible

violation of La. RS 14:138 (A)(1) (i.e. Public payroll fraud), La. 14:67 (A) (i.e. Theft), La. RS 14:133 (A)(1) and (2) (Filing or maintaining false public records), and La. RS 14:134(A) 14:134 ( Malfeasance in office).

34. Currently Defendant Sheriff (despite having knowledge of the complained incident surrounding the arrest of Plaintiff Davis) has neither disciplined nor fired Defendants Corporal Thomas and Deputy Henderson for both said deputies having touched Plaintiff Davis on or near the nude areas of her body whereby both said Defendant deputies engaged in non-consensual sexual contact with the said Plaintiff Davis which in their custody which deprived her of liberty without due process of law, which includes the right to bodily integrity. Sexual misconduct includes, but is not limited to, sexual assault without consent (rape), sexual contact procured by force, threat of force or coercion, and unwanted or gratuitous sexual contact such as touching or groping.

35. Currently Defendant Sheriff has neither disciplined nor fired Defendant Corporal Thomas despite said Defendant is being investigated for possible violation of La. RS 14:138 (A)(1) (i.e. Public payroll fraud), La. 14:67 (A) (i.e. Theft), La. RS 14:133 (A)(1) and (2) (Filing or maintaining false public records), and La. RS 14:134(A) 14:134 ( Malfeasance in office).

36. Despite exercising authority over both said Defendant deputies, Defendant Sheriff is liable individually and in his official capacity for the complained actions of both said Defendant deputies which violated the constitutional rights of Plaintiff Davis.

37. Currently all of the criminal charges in DeSoto Parish, Louisiana against Plaintiff Davis are still pending.

38. In the alternative although she believes that her pending criminal charges in the State of Louisiana contributed to the court in Texas having an unfavorable view of her whereby causing her present incarceration in the State of Texas in an unrelated matter, Plaintiff Davis reserves the right to

7

amend her complaint because she sustained damages in the State of Texas arising from the pending criminal charges (based off the complained events of October 11, 2018) in the State of Louisiana.

## V. CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARISING FROM THE COMPLAINED INCIDENT**
<u>La. Civil Code Article 2315</u>

39. Plaintiff re-alleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

40. Plaintiff Davis asserts a claim for damages arising from the intentional infliction of emotional distress resulting from the cumulative effects of the non-consensual touching by both said Defendant deputies to include the touching her breast area by Defendant Corporal Thomas (which is further evidence of coercion by him) in violation of her Fourth and Fifth Amendment rights, illegal non-consensual touching of her area below the waist by Defendant Deputy Henderson and Corporal Thomas (which is a second act of coercion by both), the illegal questioning of the defendant (there is no confession from the defendant) in violation of her Miranda Rights, the illegal search of Plaintiff Davis's person and vehicle in violation of her Fourth Amendment rights, and said accusations by both Defendants Deputy Henderson, Corporal Thomas, and the subsequent arrest by Trooper Speir whereby Plaintiff Davis would not have been charged with the crime of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1).12 but for the actions of said Defendants Deputy Henderson and Corporal Thomas.

41. Plaintiff Davis asserts a claims for damages arising from the intention infliction of emotional distress resulting for the cumulative effects of the events described in every paragraph above against Defendant Sheriff for acting in his individual capacity and in his official capacity for

8

      failing to either discipline or fire both said Defendant deputies for their actions complained of in this petition by Plaintiff Davis.

42. Plaintiff Davis asserts a claims for damages arising from the intention infliction of emotional distress resulting for the cumulative effects of the events described in every paragraph above against Defendant Sheriff for acting in his individual capacity and in his official capacity for failing to train and failing to supervise both said Defendant deputies that would have prevent their actions complained of (i.e. non-consensual touching of Plaintiff Davis, sexual misconduct by both said defendants against Plaintiff Davis, and said pending criminal matters against Plaintiff Davis) in this petition by Plaintiff Davis.

43. These complained acts (i.e. non-consensual touching of Plaintiff Davis, sexual misconduct by both said defendants against Plaintiff Davis, and said pending criminal matters against Plaintiff Davis) included, but not limited to the abuse of authority by Defendant Deputy Henderson and Deputy Corporal Thomas as law enforcement officers and Defendant Deputy Thomas as a management level employee of the DeSoto Parish Sheriff to influence Defendant Deputy Henderson to engage in the complained actions which caused Plaintiff Davis to suffer the emotional distress of having been touched by both said Defendant deputies in her private areas (to include her breast area and the nude areas below her waist) without her consent (or without her capacity to consent) .

## SECOND CLAIM FOR RELIEF: EMPLOYER LIABILITY

32. Plaintiff re-alleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

33. Defendant Sheriff, in his capacity as DeSoto Parish Sheriff and the official representative of the DeSoto Parish Sheriff's Department, is an employer of both said Defendant Deputy Henderson and

Defendant Corporal Thomas, Defendant Sheriff set the policy for his office and was appointing authority for purposes of employment, discipline and dismissal of deputies.

34. In his capacity as employer and appointing authority Defendant Sheriff had actual knowledge of the complained actions (i.e. the non-consensual touching of Plaintiff Davis' breast area and the non-consensual touching nude areas below her waist) of Defendant Deputy Henderson and Defendant Corporal Thomas and his failure to either discipline or fire both said Defendant deputies is evidence of Defendant Sheriff to permit both said Defendant deputies to work within the scope of their employment.

35. In his capacity as employer and appointing authority Defendant Sheriff had actual knowledge of the complained actions (i.e. the non-consensual touching of Plaintiff Davis' breast area, the non-consensual touching nude areas below her waist, and the illegal search of her person) of Defendant Deputy Henderson and Defendant Corporal Thomas and his failure to supervise or train both said Defendant deputies is evidence of Defendant Sheriff to permit both said Defendant deputies to work within the scope of their employment.

36. In his capacity as employer and appointing authority Defendant Sheriff, in his capacity as the employer of both Defendant Deputy Henderson and Deputy Corporal Thomas, is liable for the continuous torts they committed during the course and scope of their employment.

**THIRD CLAIM FOR RELIEF: DENIAL OF EQUAL PROTECTION AND ILLEGAL SEARCH OF THE PERSON AND VEHICLE OF PLAINTIFF DAVIS**
**42 U.S.C.§§ 1983**

32. Plaintiff re-alleges and reincorporates, as though fully set forth herein, each and every allegations contained above.

33. Defendant Deputy Henderson, acting under the color of law, violated Plaintiff Davis' rights to equal protection, as secured to her under the Fourteenth Amendment to the U.S. Constitution, by abusing

his authority and influence as a law enforcement officer for purposes of sexual gratification against Plaintiff Davis who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist.

34. Male Defendant Deputy Henderson, acting under the color of law, violated Plaintiff Davis' rights to equal protection, as secured to her under the Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual discrimination against female Plaintiff Davis who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist.

35. Defendant Deputy Henderson is sued in his individual capacity and official capacity as a deputy of current Defendant Sheriff.

36. Defendant Corporal Thomas, acting under the color of law, violated Plaintiff Davis' rights to equal protection, as secured to her under the Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual gratification against Plaintiff Davis who neither consented to the unwanted touching of her breast area and of the nude area below her waist nor had the capacity to consent to the unwanted touching of her breast area and of the nude area below her waist.

37. Male Defendant Corporal Thomas, acting under the color of law, violated Plaintiff Davis' rights to equal protection, as secured to her under the Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual discrimination against female Plaintiff Davis who neither consented to the unwanted touching of her breast area and of the nude area below her waist nor had the capacity to consent to the unwanted touching of her breast area and of the nude area below her waist and illegal search of her person.

38. Defendant Corporal Thomas is sued in his individual capacity and official capacity as a deputy of current Defendant Sheriff.

39. Plaintiff Davis further avers that when placing their hands (AS AN ACT OF COERCION WITHOUT HER CONSENT) on her person by both said Defendant deputies, acting under the color of law and by abusing their authority and influence as a law enforcement officer for purposes of sexual gratification and sexual discrimination against Plaintiff Davis, put pants on her, both said Defendant deputies conducted an illegal search (in violation of her Fourth Amendment rights) of Plaintiff Davis's person and vehicle for the following reasons:

   a. Both said Defendant deputies touched the said Plaintiff Davis on or near the nude areas of her body whereby both said deputies engaged in non-consensual sexual contact with Plaintiff Davis while in their custody which deprived her of liberty without due process of law, which includes the right to bodily integrity. Sexual misconduct includes, but is not limited to, sexual assault without consent (rape), sexual contact procured by force, threat of force or coercion, and unwanted or gratuitous sexual contact such as touching or groping (as happened in the instant matter);

   b. After placing their hands on or near her nude areas, Plaintiff Davis appeared to be in great distress to the point that she appeared to be coerced by both said Defendant deputies. It is not necessary to prove that the said Defendant deputies used actual violence against Plaintiff Davis. Coercion may exist if Plaintiff Davis is told that an officer will bring false charges or cause the victim to suffer unjust punishment (such as placing their hands on her nude area without her consent and improperly influencing Trooper Speir to arrest her). When conducting the field sobriety test, Trooper Speir comments (in his report) on her crying which suggests distress from the earlier act of coercion by both said Defendant deputies. Therefore, any evidence (such as the field sobriety test) found after their said act of coercion is the "fruits of the poisonous tree" and is inadmissible. The doctrine underlying the name was first described in *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920). The term's first use was by Justice Felix Frankfurter in *Nardone v. United States* (1939); and

   c. After finding the unconscious Plaintiff Davis both said Defendant deputies either knew or should have known that Plaintiff Davis faced a substantial risk of serious harm; that the Defendant deputies had actual knowledge of the risk of harm; and that both said Defendant deputies failed to take reasonable measures to abate it.

40. Plaintiff Davis further avers that without the illegal search of her person (which includes touching her breast area by Defendant Corporal Thomas which is evidence of coercion by him and the non-sensual touching of the nude area below her waist by both said Defendant deputies) in violation of her Fourth and Fifth Amendment rights, illegal non-consensual touching of her area below the waist by Defendant Deputy Henderson and Defendant Corporal Thomas (which constitutes a second act of coercion by both), the illegal questioning of Plaintiff Davis (there is no confession from Plaintiff Davis that she drove while intoxicated) in violation of her Miranda Rights, the illegal search of Plaintiff Davis's person and vehicle in violation of her Fourth Amendment rights, and said accusations by Defendant Deputy Henderson, and Defendant Corporal Thomas, which improperly influenced Trooper Speir to conduct a field sobriety test of a clearly emotionally distressed and sobbing Plaintiff Davis which led to her being charged with the crime of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1).12.

41. Defendant Sheriff, in his capacity as DeSoto Parish Sheriff has maintained the unconstitutional policies which permitted the violation of Plaintiff Davis' rights to equal protection, as secured to her under the Fourteenth Amendment to the U.S. Constitution, by allowing both said Defendant deputies to abuse their authority and influence as a law enforcement officers for purposes of sexual gratification against Plaintiff Davis who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist.

42. Defendant Sheriff, in his capacity as DeSoto Parish Sheriff has maintained the unconstitutional policies which permitted the violation of Plaintiff Davis' rights to equal protection, as secured to her under the Fourteenth Amendment to the U.S. Constitution, by allowing both said Defendant deputies to abuse their authority and influence as a law enforcement officers for purposes of sexual

13

discrimination against Plaintiff Davis who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist.

43. Defendant Sheriff, in his capacity as DeSoto Parish Sheriff has maintained the unconstitutional policies which permitted the illegal search of Plaintiff Davis' person and vehicle, as secured to her under the Fourth Amendment to the U.S. Constitution, by allowing both said male Defendant deputies to abuse their authority and influence as a law enforcement officers both for purposes of sexual gratification and sexual discrimination against female Plaintiff Davis who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist.

44. Plaintiff Davis seeks, and is entitled to recover, compensatory damages, reimbursement of fees and costs incurred in criminal defense litigation caused by the actions of both said Defendant deputies and Defendant Sheriff, costs of litigation and attorney's fees.

45. All said Defendants (to include the DeSoto Parish Sheriff's Department) sued in their individual and official capacity (if applicable) are liable for punitive damages due to their animus against Plaintiff Davis for being a powerless female as evidenced by their complained actions in this petition.

46. Defendant Sheriff is sued in his individual capacity and official capacity as current DeSoto Parish Sheriff.

**FOURTH CLAIM FOR RELIEF: DEPRIVATION OF FIFTH AND FOURTEENTH AMENDMENT LIBERTY INTEREST**
**42 U.S.C.§§ 1983**

47. Plaintiff Davis' right to not be sexually touched without her consent (or not to be sexually touched when she does not have the capacity to consent) and the right not to be arrested after the complained

actions of both said Defendant deputies is a liberty interest protected by the Fifth and Fourteenth Amendments to the U.S. Constitution.

48. Plaintiff re-alleges and reincorporates, as though fully set forth herein, each and every allegations contained above.

49. Defendant Deputy Henderson, acting under the color of law, violated Plaintiff Davis' liberty interests, as secured to her under the Fifth and Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual gratification against Plaintiff Davis (who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist) by restricting her rights to be free from the unwanted touching of her private areas and to terminate her liberty interest by influencing Trooper Speir to arrest Plaintiff Davis on suspicion of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1) which was filed on October 25, 2018.

50. Male Defendant Deputy Henderson, acting under the color of law, violated Plaintiff Davis' liberty interests, as secured to her under the Fifth and Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual discrimination against female Plaintiff Davis (who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist) by restricting her rights to be free from the unwanted touching of her private areas and to terminate her liberty interest by influencing Trooper Speir to arrest Plaintiff Davis on suspicion of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1) which was filed on October 25, 2018.

51. Defendant Deputy Henderson is sued in his individual capacity and in his official capacity as a deputy of current Defendant Sheriff.

52. Defendant Corporal Thomas, acting under the color of law, violated Plaintiff Davis' liberty interests, as secured to her under the Fifth and Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual discrimination against Plaintiff Davis who neither consented to the unwanted touching of her breast area and of the nude area below her waist nor had the capacity to consent to the unwanted touching of her breast area and of the nude area below her waist and to terminate her liberty interest by influencing Trooper Speir to arrest Plaintiff Davis on suspicion of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1) which was filed on October 25, 2018.

53. Male Defendant Corporal Thomas, acting under the color of law, violated Plaintiff Davis' liberty interest, as secured to her under the Fifth and Fourteenth Amendment to the U.S. Constitution, by abusing his authority and influence as a law enforcement officer for purposes of sexual discrimination against female Plaintiff Davis who neither consented to the unwanted touching of her breast area and of the nude area below her waist nor had the capacity to consent to the unwanted touching of her breast area and of the nude area below her waist and to terminate her liberty interest by influencing Trooper Speir to arrest Plaintiff Davis on suspicion of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1) which was filed on October 25, 2018.

54. Defendant Corporal Thomas is sued in his individual capacity and official capacity as a deputy of current Defendant Sheriff.

55. Defendant Sheriff, in his capacity as DeSoto Parish Sheriff has maintained the unconstitutional policies which permitted the violation of Plaintiff Davis' liberty interests, as secured to her under the Fifth and Fourteenth Amendment to the U.S. Constitution, by allowing both said Defendant deputies to abuse their authority and influence as a law enforcement officers for purposes of sexual gratification and sexual discrimination against Plaintiff Davis who neither consented to the

unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist and for permitting both said Defendant deputies and to terminate her liberty interest by influencing Trooper Speir to arrest Plaintiff Davis on suspicion of Operating a Vehicle While Intoxicated-2nd Offense, La. RS 14:98 (C)(1) which was filed on October 25, 2018..

56. Defendant Sheriff, in his capacity as DeSoto Parish Sheriff has maintained the unconstitutional policies which permitted the violation of Plaintiff Davis' liberty interests, as secured to her under the Fifth and Fourteenth Amendment to the U.S. Constitution, by allowing both said male Defendant deputies to abuse their authority and influence as a law enforcement officers both for purposes of sexual gratification and sexual discrimination against female Plaintiff Davis who neither consented to the unwanted touching of the nude area below her waist nor had the capacity to consent to the unwanted touching of the nude area below her waist.

57. Plaintiff Davis seeks, and is entitled to recover, compensatory damages, reimbursement of fees and costs incurred in criminal defense litigation caused by the actions of both said Defendant deputies and Defendant Sheriff, costs of litigation and attorney's fees.

58. All said Defendants (to include the DeSoto Parish Sheriff's Department) sued in their individual and official capacity (if applicable) are liable for punitive damages due to the animus against Plaintiff Davis as evidenced by the complained actions in this petition which deprived her of her liberty interest under the Fifth and Fourteenth Amendment of the U.S. Constitution.

59. Defendant Sheriff is sued in his individual capacity and in his official capacity as current DeSoto Parish Sheriff.

**FIFTH CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS**
**42 U.S.C.§§ 1983**

60. Plaintiff re-alleges and reincorporates, as though fully set forth herein, each and every allegations contained above.

61. Both Defendant deputies, acting under the color of law and pursuant to the unconstitutional policies of their employer Defendant Sheriff, agreed and conspired to deprive Plaintiff Davis of her rights to liberty and equal protections under the U.S. Constitution.

62. Defendant Sheriff, acting under the color of law and pursuant to the unconstitutional policies of his and his actual knowledge, permitted the agreement and conspiracy to deprive Plaintiff Davis of her rights to liberty and equal protections under the U.S. Constitution by both Defendant deputies.

63. Plaintiff Davis seeks, and is entitled to recover, compensatory damages, reimbursement of fees and costs incurred in criminal defense litigation caused by the conspiracy of both said Defendant deputies and permitted by Defendant Sheriff, costs of litigation and attorney's fees.

64. All said Defendants (to include the DeSoto Parish Sheriff's Department) sued in their individual and official capacity (if applicable) are liable for punitive damages due to the animus against Plaintiff Davis as evidenced by the complained actions of conspiracy in this petition which deprived her of her liberty interest under the Fifth and Fourteenth Amendment of the U.S. Constitution.

**SIXTH CLAIM FOR RELIEF: UNCONSTITUTIONAL DENIAL OF EQUAL PROTECTION AND LIBERTY INTERESTS**
**Louisiana Constitution Article I, Section 3, actionable through La. Civil Code Article 2315**

65. Plaintiff re-alleges and reincorporates, as though fully set forth herein, each and every allegations contained above.

66. The facts also establish claims against Defendant Deputy Henderson, Defendant Corporal Thomas, and Defendant Sheriff, in both their individual and official capacities, for violation of Plaintiff Davis' rights to Equal Protection and the termination of her liberty interests by her arrest as secured to her under Louisiana Constitution Article I, Section 3.

67. Plaintiff Davis seeks, and is entitled to recover, compensatory damages, reimbursement of fees and costs incurred in criminal defense caused by all named Defendants, costs of litigation and attorney's fees.

68. All said Defendants (to include the DeSoto Parish Sheriff's Department) sued in their individual and official capacity (if applicable) are liable for punitive damages due to the animus against Plaintiff Davis as evidenced by the complained actions in this petition for the violation of Plaintiff Davis' rights to Equal Protection and the termination of her liberty interests by her arrest as secured to her under Louisiana Constitution Article I, Section 3. Defendant DeSoto

69. Plaintiff requests a jury trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Davis, having no adequate remedy at law, prays for the following:

1. The plaintiff be awarded punitive damages;

2. That reasonable attorneys' fees, expenses and costs be awarded to plaintiff pursuant to 42 U.S.C. § 1988 and any other applicable provision of law;

3. That Plaintiff Davis seeks, and is entitled to recover, compensatory damages, reimbursement of fees and costs incurred in criminal defense caused by all named Defendants, costs of litigation and attorney's fees in the pending criminal matter which is the subject of the instant matter;

4. That the plaintiff reserves the right to petition this Honorable Court to stay any parallel state proceedings related to the instant matter; and

5. That this Court grant all equitable and further relief to include punitive damages which the Court deems just and proper.

Respectfully Submitted:
/s/ Dick "Dave" Knadler

_____
Dick "Dave" Knadler (#27829)
Law Office of Dick "Dave" Knadler, LLC
3223 First Street
Mansfield, LA 71052
(318) 925-1178
*Attorney for Plaintiff*