UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CURTIS TERRELL, ET AL. | CIVIL ACTION NO. 20-999 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAYSON RICHARDSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration, filed by Plaintiffs Curtis Terrell and Angela Terrell (collectively, "Plaintiffs"). The motion has been fully briefed. For the reasons below, Plaintiffs' motion [Record Document 39] is **GRANTED**.

### I. Background

Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 against DeSoto Parish Sheriff Jayson Richardson ("Sheriff Richardson") and DeSoto Parish Deputies Jason Allgrunn ("Allgrunn"), Michael Banta ("Banta"), and Jeffery Henderson, Jr. ("Henderson") (collectively, "Defendants"). Record Documents 1 & 19. In their amended complaint, Plaintiffs allege that Angela Terrell called the police when Curtis Terrell expressed that he was contemplating suicide. Deputy Allgrunn responded to the call and allegedly slammed Curtis Terrell against the police car, conducted a pat-down search of him, tackled him to the ground, punched him, and handcuffed him. Plaintiffs contend that Angela Terrell tried to record this interaction and inquired about calling an ambulance, but Allgrunn grabbed her by her hair and threw her into his car. Later, Deputies Henderson and Banta arrived at the scene and assisted in detaining Plaintiffs. Angela Terrell was released, but Curtis Terrell spent five days in jail before the district attorney dismissed the charges against him.

Plaintiffs assert a multitude of federal and state law claims surrounding their arrest and detention. *See generally* Record Document 19. Defendants filed a partial motion to dismiss in which they

sought to dismiss any purported excessive force claim under the Fourteenth Amendment standard, all official capacity claims against the Deputies, and the Fourth Amendment malicious prosecution claims. *See generally* Record Document 21. The Court granted the motion as to Plaintiffs' standalone Fourth Amendment malicious prosecution claims and official capacity claims against Allgrunn, Henderson, and Banta.[1] Record Document 36. Plaintiffs now seek reconsideration of the Court's ruling regarding the dismissal of their Fourth Amendment malicious prosecution claims in light of the United States Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022).

## II. Legal Standard

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court has broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

## III. Analysis

The crux of Defendants' motion to dismiss was that the Fifth Circuit does not recognize a standalone malicious prosecution claim under the Fourth Amendment. *See* Record Document 21. The Court agreed with Defendants based on the holdings in *Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003) (*en banc*), and *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020), and dismissed Plaintiffs' standalone Fourth Amendment malicious prosecution claims. Record Document 36 at 4–5. However, the Court made clear, "[i]n so far as the [Defendants'] bad actions (that happen to correspond to the tort of malicious prosecution) result in an unreasonable search or seizure, those claims may be asserted under § 1983 as violations of the Fourth Amendment." *Id.* at 5 (quoting *Morgan*, 969 F.3d at 245–46). Thus, the issue may be one of semantics. *See Morgan*, 969 F.3d at 249–50.

---

[1] It was denied as moot as to any purported excessive force claim under the Fourteenth Amendment standard.

Regardless, several days after this Court's ruling, the United States Supreme Court released *Thompson*, a case in which the Supreme Court affirmed the existence of a standalone constitutional malicious prosecution claim with its own elements, though the Supreme Court left open whether "malice (or some other *mens rea*)" was an element. 142 S. Ct. at 1336–38, n.3. Indeed, the Supreme Court stated that its precedents recognize a constitutional malicious prosecution claim and that nearly every circuit, including the Fifth Circuit, has held that malicious prosecution is actionable under the Fourth Amendment to the extent a defendant's actions cause a plaintiff to be seized without probable cause. *Id.* at 1337 (citing *Winfrey v. Rogers*, 901 F.3d 483, 491–93 (5th Cir. 2018)); *see Manuel v. Joliet*, 580 U.S. 357, 363–64, 367–68 (2017); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion). As such, it was legally erroneous to dismiss Plaintiffs' malicious prosecution claims, and reconsideration is warranted. Accordingly, Plaintiffs' motion for reconsideration is **GRANTED**, and the Court reinstates Plaintiffs' Fourth Amendment malicious prosecution claims and denies Defendants' motion to dismiss Plaintiffs' standalone Fourth Amendment malicious prosecution claims for failure to state a claim.

## IV. Conclusion

For the reasons stated above, Plaintiffs' motion for reconsideration [Record Document 39] is **GRANTED**. Per the United States Supreme Court's decision in *Thompson*, which affirmed that malicious prosecution is a cognizable claim under the Fourth Amendment, this Court hereby reverses its dismissal of Plaintiffs' standalone Fourth Amendment malicious prosecution claims and denies Defendants' request to dismiss Plaintiffs' malicious prosecution claims for failure to state a claim.

**THUS DONE AND SIGNED** this 18th day of May, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE