UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CURTIS TERRELL AND ANGELA TERRELL** | **CIVIL ACTION NO. 5:20-CV-00999** |
| **VERSUS** | **JUDGE FOOTE** |
| **JASON ALLGRUNN, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Defendants[1] submit this Opposition to Plaintiffs Curtis and Angela Terrell's Motion to Strike [Doc. 58]:

**I.   Introduction**

This case is a Section 1983 action in which Plaintiffs Curtis and Angela Terrell assert that Defendants violated certain constitutional rights during an incident on August 11, 2019. That night, Angela Terrell called 911 because her husband Curtis Terrell (who had been drinking alcohol that day) had taken numerous pain pills. He had been running up and down three separate residential streets, and she needed help. Allgrunn was the first to arrive on the scene. The drunk, high, and belligerent Curtis Terrell was uncooperative with Allgrunn, and he resisted Allgrunn's attempt to handcuff him. After a struggle in which Curtis Terrell continued to actively resist Allgrunn by refusing to put his hands behind his back and biting Allgrunn's ankle, Allgrunn finally managed to subdue Curtis Terrell and complete his arrest.[2]

In the instant Motion to Strike, Plaintiffs claim that Curtis Terrell's extensive criminal history is not admissible for purposes of deciding the parties' motions for summary judgment. For the reasons set forth below, the Motion to Strike should be denied.

---

[1] DeSoto Parish Sheriff Jayson Richardson ("Sheriff"), Jason Allgrunn, ("Allgrunn"), Michael Banta ("Banta"), Jeffery Henderson, Jr. ("Henderson"), and Old Republic Union Insurance Company (collectively, "**Defendants**").

[2] *See* Doc. 38-17 at Statements of Fact 1-20 and the evidence cited therein, particularly Docs. 38-1 and 38-6.

1

## II.     Argument and Authority

***The Motion to Strike is procedurally improper and must be denied:*** The only form of Motion to Strike permitted under the Federal Rules of Civil Procedure is a Motion to Strike under Rule 12(f). As this Court has previously held: "Rule 12(f) allows a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' Federal Rule of Civil Procedure 7(a) defines 'pleading' to include a complaint and an answer to a complaint." *Wesley v. Claiborne Part. Det. Ctr.*, 2021 WL 816917 at *2 (W.D. La. 2021) (Foote, J.) (denying a motion to strike the plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60 because the motion was not a "pleading"). The summary judgment evidence and the statements in Defendants' Statement of Undisputed Material Facts that Plaintiffs wish to strike are not "pleadings" as defined under Rule 7(a). Thus, the Motion to Strike should be denied.

A Motion to Strike is a procedurally improper method of challenging summary judgment evidence. The 2010 amendment to Fed. R. Civ. P. 56 amended the rule such that it includes a right to object to summary judgment evidence as part of the briefing on a motion for summary judgment. "This right of objection has supplanted the former practice, approved by some courts, of moving to 'strike' improper summary judgment support." Steven Baiker–McKee, William M. Janssen & John B. Corr, *Federal Civil Rules Handbook*, Rule 56 at 1203 (2021 ed.), *citing Villeneuve v. Avon Prod., Inc.*, 919 F.3d 40, 45 n. 4 (1st Cir. 2019); *Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 126 (W.D.N.Y. 2019). In this district and division, this is not merely a technical distinction. If a party can challenge evidence submitted in support of a motion for summary judgment via a motion to strike, he or she gets the "last word" on the motion to strike because such a motion comes with the right to file a reply brief. [*See* Doc. 59, providing Plaintiffs with a deadline for their reply brief on the instant Motion to Strike]. By contrast, raising the same challenge to

summary judgment evidence in an opposition to a motion for summary judgment (the proper method of challenging summary judgment evidence under Rule 56(c)(2)) affords the party who submitted that evidence the "last word" on the objection in his or her reply brief on the motion for summary judgment. Thus, Plaintiffs' procedurally improper Motion to Strike should be denied.

***Rule 56(c)(2) standard:*** To the extent Plaintiffs' procedurally improper Motion to Strike is considered at all, it should be addressed under the Rule 56(c)(2) standard because it is an attack on summary judgment evidence. Under Rule 56(c)(2), "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Thus, at the summary judgment stage, "materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original). As set forth below, all of the evidence at issue is capable of being presented in a form that would be admissible in evidence. Thus, the Motion to Strike should be denied.

***Curtis Terrell's extensive criminal history is admissible regarding his malicious prosecution claims:*** Curtis Terrell has asserted malicious prosecution claims under both the Fourth Amendment and Louisiana state law. [*See* Doc. 19 at p. 22-24 and 34-35 of 38]. Both a Fourth Amendment malicious prosecution claim and a malicious prosecution claim under Louisiana law require the plaintiff to prove that the proceeding was "instituted without any probable cause" and that "the motive instituting the suit was malicious." *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022)[3]; *see Lemoine v. Wolfe*, 168 So. 3d 362, 267 (La. 3/17/2015) (requiring proof of "the absence of probable cause" and "the presence of malice" in "the commencement or continuance

---

[3] Defendants maintain that they are entitled to qualified immunity as to Curtis Terrell's Fourth Amendment malicious prosecution claim because such a claim did not exist at all at the time of the incident at issue in this case under Fifth Circuit precedent.

of an original criminal or civil judicial proceeding" as two of the six elements of a malicious prosecution claim under Louisiana law).

The fact that Curtis Terrell has an extensive history of arrests and criminal convictions is relevant to both the "absence of probable cause" and the "malice" elements of a malicious prosecution claim. While at the hospital with Allgrunn's microphone on, Allgrunn requested that the dispatcher print a copy of Curtis Terrell's criminal history ("CH"). [*See* Doc. 38-6, DEF 176 (Allgrunn Video) at 22:36:17-45; *see* Doc. 38-1, DEF 175 at 025]. Allgrunn and Curtis Terrell specifically discussed Curtis Terrell's extensive criminal history while Curtis Terrell was at the hospital – including Curtis Terrell's twelve past arrests, his 2017 arrest in Sabine Parish for aggravated battery, and his past conviction for accessory after the fact to assault by drive by shooting. [*See* Doc. 38-6, DEF 176 (Allgrunn Video) at 22:59:19-23:00:10; *see also* Docs. 38-4 and 38-5]. Curtis Terrell's arrest report has a box checked for "Rap Sheet attached." [Doc. 38-10 (August 11, 2019 Arrest Report)]. Thus, Allgrunn clearly became aware of Curtis Terrell's extensive criminal history soon after the arrest, at the latest.

As stated in Defendants' MSJ [Doc. 38], Allgrunn was aware of sufficient facts to have probable cause to arrest Curtis Terrell for numerous crimes at the time of his arrest. The fact that Allgrunn became aware of Curtis Terrell's extensive criminal history soon after Curtis Terrell's arrest, at the latest, provided additional factual support for probable cause to arrest Curtis Terrell. *See United States v. Sauls*, 192 Fed. Appx. 298, 299-300 (5th Cir. 2006) (the fact that the defendant "had an extensive history of narcotics arrests," plus other facts, supported "a good faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause"); *Hansen v. Odin*, 2006 WL 626377 at *3-5 (S.D. Tex. 2006) (the fact that the plaintiffs both had "extensive criminal histories" was one fact, among others, that

supported probable cause to believe that they had physically abused their daughter; therefore, plaintiffs could not meet one of the essential elements of their malicious prosecution claim); *United States v. Wilbon*, 2017 WL 761184 at *3-4 (W.D. La. 2017) (the fact that the officer who conducted the investigative stop of the defendants learned about "the criminal histories of the defendants" during the course of the stop, along with other facts, supported the extension of the detention so that a K-9 search of the defendants' vehicle could be conducted). As stated above, either the "commencement *or continuance*" of a criminal proceeding can support a malicious prosecution claim. *Lemoine,* 168 So. 3d at 267 (emphasis added). Thus, additional facts the arresting officer learns after an arrest that provide more factual support for probable cause can rebut a claim of malicious prosecution.

Furthermore, the fact that Allgrunn became aware of Curtis Terrell's extensive criminal history soon after the arrest, at the latest, rebuts the subjective "malice" element of the malicious prosecution claims. Again, the fact that Curtis Terrell has an extensive criminal history provides even more support for the conclusion that there was probable cause to arrest him for multiple crimes. Therefore, this provides more proof that the motive for commencing or continuing charges against Curtis Terrell was that Allgrunn believed Curtis Terrell had committed the crimes with which he had been charged – not out of subjective malice.

Rebutting Curtis Terrell's claim that Defendants commenced or continued a criminal proceeding against him without probable cause and with subjective malice using Curtis Terrell's prior arrests and convictions is a relevant purpose for admitting this evidence. His past arrests and convictions are extremely probative on these issues. The risks enumerated in Fed. R. Evid. 403 do not substantially outweigh the high probative value of this evidence for this purpose. Thus, this evidence should not be excluded under Fed. R. Evid. 404(b) or Fed. R. Evid. 403.

***Curtis Terrell's extensive criminal history is admissible to address both (a) whether he suffered any emotional damages and (b) the extent of his claimed emotional damages, if any:***
Curtis Terrell claims that he suffered "emotional injuries," "emotional distress," "psychological stress, "psychological harm," "mental distress," "mental pain and suffering," and "mental . . . stress" as a result of the incident. [*See* Doc. 19 at ¶¶ 1, 77, 93, 98, 114, 135, 145, 151, 155, 158, 161, 171, and 177; *see* Doc. 64 at p. 21-22, 30, and 48-49 of 51]. Curtis Terrell claims that he suffered such harm as a result of all of the claimed violations of his constitutional rights and alleged torts at issue – including, specifically, claims that he suffered emotional distress from the arrest itself. [*See* Doc. 19 at ¶¶ 93 and 171].

Because Curtis Terrell claims that he suffered such mental, psychological, and emotional injuries as a result of Defendants' alleged conduct – and, particularly, as a result of his August 11, 2019 arrest – Curtis Terrell's prior arrest and conviction history is admissible to rebut his claims of mental, psychological, and emotional injuries resulting from the events of August 11, 2019, including his arrest. In *Montoya v. Sheldon*, 898 F. Supp. 2d 1259, 1272-1273 (D.N.M. 2012), the court permitted admission of the Section 1983 plaintiff's "prior arrests" because they were "relevant to the issue of his emotional distress damages." The court held reasoned that:

> A person who has never in their life been arrested would likely be emotionally distressed if falsely arrested and more so than someone whom has been arrested multiple times. A person whom has been arrested before may be less distressed. A person who has been arrested a handful of times or more would likely be much less emotionally distressed. The Defendants' cross examination on the number of times M. Montoya has been arrested in the past, therefore, is not for the purpose of showing that, because M. Montoya has been arrested a number of times in the past he is a bad guy, but rather, the Defendants offer the evidence for the proper purpose of allowing the jury to determine the extent of the emotional distress damages M. Montoya incurred because of the Defendants' alleged unconstitutional arrest.

*Id.* at 1273.

Numerous other cases have likewise held that other arrests of the plaintiff are admissible to rebut the plaintiff's claimed emotional, mental, and/or psychological injuries that allegedly resulted from the incident at issue in the case. *See Udemba v. Nicoli*, 237 F.3d 8, 15-16 (1st Cir. 2001) (affirming district court's decision that evidence of another arrest of the plaintiff was admissible because it was "relevant to a contested issue in the case, namely, the extent of damages attributable to emotional distress" resulting from his allegedly false arrest); *Karnes v. Skrutski*, 62 F.3d 485, 500 (3rd Cir. 1995) (affirming district court's decision that evidence of the plaintiff's "1985 arrest for allegedly assaulting his sister and verbally resisting arrest without violence" were admissible to "refute [the plaintiff's] contention that he suffered damage" as a result of the alleged violation of his Fourth Amendment rights at issue in the case), *abrogated on other grounds as recognized by Curley v. Klem*, 499 F.3d 199, 209 (3rd Cir. 2007); *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1237-1239 (D.N.M. 2011) (admitting evidence of plaintiff's "other interactions with the [defendant police department], arrests, and violent encounters" to "contest [the plaintiff's] asserted emotional distress damages" allegedly resulting from a Fourth Amendment violation).

Rebutting Curtis Terrell's claim that he suffered from psychological, mental, and/or emotional distress as a result of the incident at issue in this case is a relevant purpose for admitting his prior arrests and convictions. His past arrests and convictions are extremely probative on the issues of (a) whether he suffered such damages at all as a result of the incident at issue in this case and, (b) even if he did, the extent of any such damages. The risks enumerated in Fed. R. Evid. 403 do not substantially outweigh the high probative value of this evidence for this purpose. Thus, this evidence should not be excluded under Fed. R. Evid. 404(b) or Fed. R. Evid. 403.

***Curtis Terrell's extensive criminal history is admissible to impeach him for bias:*** Curtis Terrell's arrest and conviction history is admissible to impeach his credibility for bias against law

enforcement generally and, more specifically, against the DeSoto Parish Sheriff and his deputies (*i.e.*, Defendants). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984).

Evidence of a plaintiff's prior arrests is admissible to show bias against law enforcement defendants in Section 1983 cases – especially when the prior arrests at issue were made by a law enforcement agency that is a named defendant in the case. In *Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987), the plaintiff (Heath) and his brother (Larry) got into an altercation with police officers from the Newport Beach Police Department. Heath was arrested. His charges resulting from the arrest were dismissed, and he sued the police officers involved, asserting that his arrest and the amount of force used to effect his arrest violated the Fourth Amendment. The defendant police officers prevailed at a jury trial, and Heath appealed. *Id.* at 255-256.

On appeal, Heath argued that the district court erred in admitting evidence of his past arrests by the Newport Beach Police Department and Larry's prior misdemeanor convictions resulting from arrests by the Newport Beach Police Department. Heath argued that this evidence should have been excluded under Federal Rules of Evidence 404(b) and 403, especially because Heath agreed to stipulate that he and his brother were biased against the defendant police officers. The Ninth Circuit Court of Appeals rejected this argument. The court held that the past arrests of Heath by the Newport Beach Police Department and the past convictions of Larry after arrests by the Newport Beach Police Department were "probative of their bias against the Newport Beach police and of Heath's motive in bringing this action." The court rejected Heath's arguments under both Federal Rule of Evidence 404(b) and 403. *See id.* at 259-260.

Other cases have similarly held that past arrests and convictions – especially when those past arrests were made by the same law enforcement agency named as a defendant in the case – are admissible to show bias by a Section 1983 plaintiff or another witness against law enforcement officers. *See Barkley v. City of Klamath Falls*, 302 Fed. Appx. 705, 706 (9th Cir. 2008) ("The district court did not abuse its discretion by admitting evidence of Margaret Barkley's prior arrest for assaulting a Klamath Falls police officer to show her bias against the defendants, who work for the same police department"); *see Montoya*, 898 F. Supp. 2d at 1277-1278 ("The Montoyas arrest by one of the named Defendants, APD [the Albuquerque Police Department], and the fact that they will testify in the case, establishes a relationship between the Montoyas and APD that might cause the Montoyas to slant their testimony against the Defendant APD . . . it is possible that APD's arrests in the past have caused the Montoyas to dislike APD and thus may induce them to slant their testimony against APD").

DeSoto Parish Sheriff deputies made many of the arrests listed on Curtis Terrell's criminal history report [*See* Doc. 38-4]. Showing Curtis Terrell's bias against law enforcement (both generally and specifically against the DeSoto Parish Sheriff and his deputies) is a relevant purpose for admitting his prior arrests and convictions. His past arrests and convictions are extremely probative as to this issue. The risks enumerated in Fed. R. Evid. 403 do not substantially outweigh the high probative value of this evidence for this purpose. Thus, this evidence should not be excluded under Fed. R. Evid. 404(b) or Fed. R. Evid. 403.

***Even without the evidence at issue, Defendants' MSJ should be granted:*** Regardless of the outcome of the instant Motion to Strike, Defendants' other summary judgment evidence clearly shows that Defendants are entitled to summary judgment. The summary judgment evidence (particularly the audio recordings showing the information Allgrunn was provided before he

arrived at the scene and the dashboard camera video of the incident from Allgrunn's vehicle) show that there was probable cause to arrest Curtis and Angela Terrell for multiple crimes, that the force used on Curtis Terrell was objectively reasonable, that all Defendants are entitled to qualified immunity, and that all of Plaintiffs' claims should be dismissed with prejudice. [*See* Doc. 38-1, DEF 175 at 065, 066, 068, 069 (audio recordings of 911 call and radio transmissions); *see* Doc. 38-6, DEF 176 (Allgrunn Video)]. Thus, regardless of the outcome of the instant Motion to Strike, Defendants' MSJ should be granted, and Plaintiffs' MPSJ should be denied.

***Even if granted, the decision on the Motion to Strike should not be definitive as to the admissibility of the evidence at issue in any future trial:*** For the reasons set forth in Defendants' Motion for Summary Judgment and all other briefs filed in connection with it, this case should be dismissed on summary judgment based on the evidence in the summary judgment record. It should never go to trial. But, in the event the case ever does go to trial, the admissibility of the evidence at issue in this Motion to Strike at trial should not be determined now. Instead, it should only be addressed closer to trial.

        COOK, YANCEY, KING & GALLOWAY
        A Professional Law Corporation

        By:  /s/James Ashby Davis
            James R. Sterritt    #18447
            James Ashby Davis   #37653
        333 Texas Street, Suite 1700
        Post Office Box 22260
        Shreveport, Louisiana 71120-2260
        Telephone:   (318) 221-6277
        Telecopier:   (318) 227-7850
        james.sterritt@cookyancey.com
        ashby.davis@cookyancey.com
        ATTORNEYS FOR DEFENDANTS, DESOTO PARISH SHERIFF JAYSON RICHARDSON, JASON ALLGRUNN, MICHAEL BANTA, AND JEFFERY HENDERSON

BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P. O. Box 2997
Baton Rouge, LA 70821-2997
Telephone: 225-325-8700
Facsimile: 225-325-8800
Madaline.king@butlersnow.com

By: */s/ Madaline King*
Connell L. Archey (La. No. 20086)
Madaline King (La. No. 38301)
Allena W. McCain (La. No. 38830)

Attorneys for Old Republic Union
Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent by operation of the court's electronic filing system, on the 27th day of May, 2022.

*/s/ James Ashby Davis*

OF COUNSEL