# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

CURTIS TERRELL AND ANGELA
TERRELL,

*Plaintiffs*

v.

JASON ALLGRUNN, MICHAEL BANTA,
and JEFFERY HENDERSON, JR.,
individually and in their official capacities as
duly sworn officers with DeSoto Parish
Sheriff's Office, JAYSON RICHARDSON,
in his official capacity as Sheriff of DeSoto
Parish only, and OLD REPUBLIC
INSURANCE CO.,

*Defendants*

**CIVIL ACTION NO. 5:20-CV-00999**

**JUDGE ELIZABETH E. FOOTE**

**MAG. JUDGE MARK HORNSBY**

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Curtis and Angela Terrell ("Plaintiffs") file this brief Reply to Defendants Jayson Richardson, Jason Allgrunn, Michael Banta, Jeffery Henderson, and Jayson Richardson's ("Defendants") Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opposition"), R. Doc. 73. Plaintiffs refer to and incorporate all arguments made in their original Motion, R. Doc. 50, Memorandum in Support, R. Doc. 50-1, and Opposition to Defendants' Motion for Summary Judgment, R. Doc. 64 herein.

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ iii

A. Plaintiffs are Entitled to Summary Judgment on Mrs. Terrell's Fourth Amendment Claims. .. 1

B. Mrs. Terrell's Claims for Interference and Retaliation are Appropriately Brought Under the First Amendment. ..................................................................................................................... 4

C. Defendant Allgrunn Used Excessive Force Against Mrs. Terrell. ............................................ 6

D. Defendants Do Not Dispute that Defendant Allgrunn Used Excessive Force Against Mr. Terrell…………………………………………………………………………………………...7

E. Plaintiffs are Entitled to Summary Judgment on Their *Monell* Claim. ..................................... 7

F. Defendants Fail to Address any of Plaintiffs' State Law Claims. .............................................. 8

G. Plaintiffs' Summary Judgment Evidence is Admissible and Defendants' Objections Should Be Overruled…………………………………………………………………………………………9

H. Conclusion…………………………………………………………………………………18

# TABLE OF AUTHORITIES

## Cases

*Adams v. Thompson*, 557 F. Supp. 405 (M.D. La. 1983) ................................................................. 2

*Baugh v. Voyager Indem. Ins. Co*., No. 19-14275, 2020 U.S. Dist. LEXIS 224321 (E.D. La. Dec. 1, 2020) ................................................................................................................................ 10

*Blackwell v. Barton*, 34 F.3d 298 (5th Cir. 1994) ....................................................................... 7

*Brooks v. City of W. Point*, 639 F. App'x 986 (5th Cir. 2016) ....................................................... 6

*Cantrell v. Morris*, 2006 U.S. Dist. LEXIS 90960, 2006 Wl 3743109 (N.D. Ind. 2006); .......... 13

*Cf Graham v. Connor*, 490 U.S. 386,(1989) ................................................................................ 4

*City of Houston v. Hill*, 482 U.S. 451 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987) .......................... 5

*City of, Ohio v. Harris*, 489 U.S. 378 (1989); *Monell*, 436 U.S. at 694. ....................................... 8

*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009) ........................................................... 6

*Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018) ........................................................ 6

*Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009) ..................................................................... 7

*Dugas v. Ace Am. Ins. Co*., 468 F. Supp. 3d 769 (W.D. La. 2020) ............................................ 11

*Flores v. City of Palacios*, 381 F.3d 391 (5th Cir. 2004) .............................................................. 7

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F.Supp.2d 913 (N.D. Ill. 2007) ......................................................................................................................................... 13

*Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994) ....................................................................... 7

*Massey v. Wharton*, 477 F. App'x 256 (5th Cir. 2012) ................................................................. 5

*Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978)* ........................................ 7,8

*Pierre v. RBC Liberty Life Ins*., No. 05-1042-C-M2, 2007 U.S. Dist. LEXIS 102568 (M.D. La. June 12, 2007) ............................................................................................................................. 13

iii

*Robertson v. Town of Wash.*, No. 13-CV-3020, 2015 U.S. Dist. LEXIS 45534 (W.D. La. Feb. 12, 2015). .......................................................................................................................... 3

*Sampy v. Rabb*, No. 6:19-CV-00580, 2021 U.S. Dist. LEXIS 187471 (W.D. La. Sep. 27, 2021). 4

*State v. Daigle,* 701 So.2d 685 (La. App. 3 Cir. 06/11/97). .......................................................... 2

Turner v. Driver, 848 F.3d 678 (5th Cir. 2017). ........................................................................... 5

*United States v. Arce*, 997 F.2d 1123 (5th Cir. 1993) ................................................................. 11

*United States v. Cantu*, 167 F.3d 198 (5th Cir. 1999) ................................................................ 18

*United States v. Jimenez-Lopez*, 873 F.2d 769 (5th Cir. 1989). ................................................. 11

*United States v. Murray*, 988 F.2d 518, (5th Cir. 1993) ............................................................ 10

*United States v. Onori*, 535 F.2d 938 (5th Cir. 1976) ............................................................... 10

*United States v. Stevens*, 778 F. Supp. 2d 683 (W.D. La., 2011); ............................................. 10

*United States v. Wilson*, 578 F.2d 67 (5th Cir. 1978) ............................................................... 10

*Vedros v. Northrop Grumman*, No. 11-1198, 2015 U.S. Dist. LEXIS 199628 (E.D. La. June 8, 2015) ......................................................................................................................... 11

*White v. Jackson*, No. 7:13-CV-0050-O, 2014 U.S. Dist. LEXIS 3127, 2014 WL 99976 (N.D. Tex. Jan. 10, 2014). ............................................................................................................ 4

*Williams v. Gaitsch*, No. 5:08-cv-0772, 2011 U.S. Dist. LEXIS 97312 (W.D. La. Aug. 30, 2011). ....................................................................................................................................... 10

*Ybarra v. Davis*, 489 F. Supp. 3d 624 (W.D. Tex. 2020) ........................................................... 4

**Federal Statutes**

Fed. Rule of Evidence 803 ...................................................................... passim

Fed. Rule of Evidence 902 ...................................................................... passim

**State Statutes**

La. R.S. §14:97 ............................................................................................. 1

La. R.S. §14:327 ........................................................................................... 3

La. R.S. §14:329 ........................................................................................... 1

La. R.S. §9:2798.1 ........................................................................................ 3

**A. Plaintiffs are Entitled to Summary Judgment on Mrs. Terrell's Fourth Amendment Claims.**

In their Opposition, Defendants do not dispute that Mrs. Terrell's freedom of movement was restrained,[1] and argue only that "Allgrunn had probable cause, or at minimum arguable probable cause, to arrest Angela Terrell for multiple crimes."[2] Defendants do not dispute or even respond to Plaintiffs' arguments that Defendant Allgrunn did not have probable cause to arrest Mrs. Terrell for an alleged violation to La.R.S. §14:97 (Simple Obstruction of a Highway of Public Passage). Instead, they merely argue that Defendant Allgrunn had probable cause to arrest Mrs. Terrell for Interference with a Law Enforcement Investigation under La. R.S. 14:329(A). Defendants purport that the basis for probable cause was that Mrs. Terrell "continually spoke loudly on her cell phone, (2) spoke loudly to the Terrells' neighbor, Shirley Youngblood, and (3) shouted derisive and distracting comments at Allgrunn while Allgrunn was attempting to converse with the dispatcher . . . and Angela Terrell interrupted the conversation [with Defendant Allgrunn and EMS] and prevented Allgrunn from speaking with EMS personnel."[3] In reality, the video shows that when Mrs. Terrell tried to record Defendant Allgrunn beating her husband and informed him that she was making a second call to 911 for an ambulance, Defendant Allgrunn ordered her to "back up" and stated he was charging her for "misuse of 911."[4] Then, when Mrs. Terrell complained that Defendant Allgrunn was brutalizing Mr. Terrell, Defendant Allgrunn again told her he was going to arrest her.[5] As Mrs. Terrell was on the phone with emergency services—asking for medical help for her husband and complaining about Defendant Allgrunn's conduct, Defendant

---

[1] R. Doc. 71-1, Response to Statement of Undisputed Facts at No. 69; R. Doc. 73 at p. 2.
[2] R. Doc. 73 at p. 2.
[3] *Id*. at p. 3.
[4] R. Doc. 38-6, DEF 176, Allgrunn Video at 3:01-3:30.
[5] *Id*. at 3:31-4:00.

Allgrunn told her—"you [are] definitely going [to jail]."[6] The video does not show Mrs. Terrell interacting with Shirley Youngblood, as Ms. Youngblood is completely inaudible and unidentifiable for the entirety of the video. Further, the evidence shows that while EMS personnel examined Mr. Terrell, Mrs. Terrell watched from several feet behind them and, later, from the opposite side of the road.[7] Mrs. Terrell's only interaction with the EMS responders at the scene was giving them her husband's name[8] and attempting to tell them about the injuries Mr. Terrell had suffered because of the assault by Defendant Allgrunn.[9] She only got a few words out before Defendant Allgrunn told her to "go away," that she had "caused enough problems," and would be "going to jail regardless."[10] The "misconduct" Defendants accuse Mrs. Terrell of did not provide probable cause that Mrs. Terrell interfered with Defendant Allgrunn's investigation. Mrs. Terrell's efforts to record or express disproval, do not provide probable cause for arrest: "verbal opposition to an officer, even abusive language and cursing, does not constitute the 'opposition' or 'obstruction'[.]"[11]

In support of their argument, Defendants cite to *Buehler v. Dear*, 27 F.4th 969 (5th Cir. 2022), and *Robertson v. Town of Washington*, 2015 WL 1564888 (W.D. La. 2015). Both are clearly distinguishable from the instant case. In *Buehler*, which arose under a Texas statute, the plaintiff followed officers "for hours," and "obstruct[ed] their view and performance of their duties."[12] Here, Mrs. Terrell interacted with Defendant Allgrunn for only minutes and did not obstruct his view of the scene or prevent him from conducting any of his duties. Further, the plaintiff in

---

[6] R. Doc. 38-6, DEF 176, Allgrunn Video at 5:01-5:30.
[7] *Id.* at 8:00-12:00.
[8] *Id.* at 23:01-23:30.
[9] *Id.* at 9:30-10:00.
[10] R. Doc. 38-6, DEF 176, Allgrunn Video at 8:00-9:00; R. Doc. 50-7, Video Transcript at p. 11.
[11] *Adams v. Thompson*, 557 F. Supp. 405, 410 (M.D. La. 1983); *State v. Daigle,* 701 So.2d 685, 688 (La. App. 3 Cir. 06/11/97) (finding that a suspect's "attitude" is insufficient to support a conviction for Resisting an Officer).
[12] *Buehler v. Dear*, No. 20-50822, 2022 U.S. App. LEXIS 5707, at *37 (5th Cir. Mar. 3, 2022).

*Robertson* was stopped after a radar device showed she was speeding and, upon stopping, it appeared that her child was not properly in a seatbelt. When the officer placed the plaintiff under arrest for refusing to sign the traffic citation, she began "twisting, trying to pull away, and hitting at the officer."[13] Here, Mrs. Terrell called DPSO for emergency assistance, as her husband had attempted an overdose. Further, despite being unlawfully detained by Defendant Allgrunn, Mrs. Terrell did not physically resist or hit him.

Defendants also argue that the video evidence "clearly" shows that "Angela Terrell interrupted and prevented Allgrunn from speaking with EMS personnel," and that this alleged behavior constituted a violation of La. R.S. §14:327(A)(1), which criminalizes the intentional "hindering, delaying, hampering, interfering with, or impeding the progress" of firemen and emergency medical personnel, and prohibits "cursing, reviling, or using any opprobrious language" towards these first responders. As outlined, *supra*, Mrs. Terrell's limited interactions with EMS personnel included giving them her husband's name and attempting to tell them about his injuries. Ms. Terrell never used any offensive language.

Defendant Allgrunn did not have probable cause to arrest Mrs. Terrell for any of the crimes Defendants allege. Defendants do not dispute Plaintiffs' request for summary judgment determining that Defendant Allgrunn was acting under color of law when he arrested Mrs. Terrell, nor do they dispute Plaintiff's request for summary judgement that Defendant Allgrunn's actions were objectively unreasonable. Instead, for their arguments against qualified immunity on Mrs. Terrell's Fourth Amendment claim, Defendants provide a summary statement that as to all constitutional claims Plaintiff's failed to show clearly established law. However, Mrs. Terrell

---

[13] *Robertson v. Town of Wash.*, No. 13-CV-3020, 2015 U.S. Dist. LEXIS 45534, at *4 (W.D. La. Feb. 12, 2015).

provided ample legal authority showing the right against unlawful arrest was clearly established before her arrest. As such, Mrs. Terrell is entitled to summary judgment that her rights were violated under the Fourth Amendment and Defendant Allgrunn is not entitled to qualified immunity.

> ### B. Mrs. Terrell's Claims for Interference and Retaliation are Appropriately Brought Under the First Amendment.

Defendants summarily argue that Mrs. Terrell's conduct "might be considered protected First Amendment speech in some other context and under different circumstances," then incorrectly state that "the Fourth Amendment, not the First Amendment is the appropriate standard by which Allgrunn's actions must be measured in this case."[14] Mrs. Terrell's right to be free from interference regarding the exercise of her First Amendment rights, including recording police officers, and freedom from retaliation for exercising those rights, is a separate and distinct cause of action from her Fourth Amendment claims. In support of their position, Defendants cite to, *Price v. Elder*, 175 F. Supp. 3d 676, 678 (N.D. Miss. 2016), in which the district court precluded a plaintiffs' First Amendment claim, where he alleged that the excessive force, *not arrest*, he was subjected to was in retaliation for his protected activity.[15] Here, Mrs. Terrell asserts that Defendant Allgrunn *arrested* her in retaliation for her First Amendment activity. There is ample legal authority supporting Mrs. Terrell's pursuit of both First and Fourth Amendment claim,[16] most significantly, *Brooks v. City of W. Point*, 639 F. App'x 986 (5th Cir. 2016), in which the Fifth

---

[14] R. Doc. 73 at pp. 7-8.

[15] *Price* at 678.

[16] *See e.g. Sampy v. Rabb*, No. 6:19-CV-00580, 2021 U.S. Dist. LEXIS 187471, at *3 (W.D. La. Sep. 27, 2021) ("this Court finds that plaintiff has alleged a plausible claim that officers used excessive force in retaliation for his protected speech protesting his treatment."); *Ybarra v. Davis*, 489 F. Supp. 3d 624, 630-32 (W.D. Tex. 2020)(holding that "*Graham* does not foreclose the possibility that law enforcement's use of force will also violate another specific constitutional right—such as the First Amendment," and that the Defendants' reliance on Price was "unpersuasive."); *White v. Jackson*, No. 7:13-CV-0050-O, 2014 U.S. Dist. LEXIS 3127, 2014 WL 99976 (N.D. Tex. Jan. 10, 2014). *Cf Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) ("We reject this notion that all excessive force claims brought under § 1983 are governed by a single generic standard").

Circuit reversed, in part, the district court's grant of summary judgment, permitting a plaintiff to pursue both a First Amendment retaliation claim and claim for unlawful arrest.[17]

 Defendants argue Mrs. Terrell was not engaging in First Amendment Protected activity when "she refused to comply with numerous commands by Allgrunn to move back and out of the way."[18] However, Defendants do not dispute that Mrs. Terrell engaged in constitutionally protected speech when she called 911 for medical assistance for her spouse, criticized Defendant Allgrunn for how he treated her and Mr. Terrell, attempted to tell EMS personnel about Defendant Allgrunn's attack on her husband, and attempted to videorecord Defendant Allgrunn brutalizing Mr. Terrell.

Defendants also do not dispute that Defendant Allgrunn injured Mrs. Terrell, or that Defendant Allgrunn was motivated to arrest Mrs. Terrell because of her constitutionally protected speech. Nor do Defendants dispute that Defendant Allgrunn was acting under color of law. Therefore, Mrs. Terrell is entitled to summary judgment for retaliation for engaging in protected activity.

Further, Defendant Allgrunn is not entitled to qualified immunity as Defendants do not dispute that his actions were objectively unreasonable and only provide a conclusory statement that Mrs. Terrell's constitutional rights were not clearly established, despite prior rulings clearly establishing the right to complaint about the officer's misconduct,[19] record the police, [20] and "verbal challenge and criticism" of officers[21].

---

[17] *Brooks* at 990.
[18] R. Doc. 73 at p. 8.
[19] *Massey v. Wharton*, 477 F. App'x 256, 264 (5th Cir. 2012) (holding that that the right to criticize police during encounter with family member "was clearly established at the time of the actions here" in this Circuit in 2012).
[20] Turner v. Driver, 848 F.3d 678, 688 (5th Cir. 2017).
[21] *City of Houston v. Hill*, 482 U.S. 451, 462, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987) (the "First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.").

## C.     Defendant Allgrunn Used Excessive Force Against Mrs. Terrell.

Defendants falsely claim that "[t]he video of the incident shows that the extremely limited force used on Angela Terrell to accomplish her detention was objectively reasonable."[22] Defendant Allgrunn pushing Mrs. Terrell in his patrol vehicle occurs completely off-screen.[23] The only thing that can be seen on the dashcam footage is Defendant Allgrunn forcibly grabbing Mrs. Terrell by the arm. Then, the video clearly captures Mrs. Terrell telling Defendant Allgrunn to let go of her head.[24] Defendants do not dispute that Defendant Allgrunn grabbed Mrs. Terrell by the hair and placed her in a headlock.[25] This abuse caused Mrs. Terrell to suffer from significant emotional injuries.  As discussed, *supra,* there was no probable cause to believe Mrs. Terrell had committed any crime, and as demonstrated by the video footage, she posed no threat to the safety of anyone, and was not resisting or evading arrest.[26] As such, this use of this force was excessive, as no force was necessary.[27]

Importantly, in their Opposition, Defendants do not dispute that Mrs. Terrell was injured. Further, in opposition to Mrs. Terrell's request for summary judgment and request to deny qualified immunity on this claim, Defendants, again, do dispute that Defendant Allgrunn's actions were objectively unreasonable in light of clearly established law, and instead merely make a general reference stating Mrs. Terrell failed to show clearly established law on any constitutional claims. Plaintiffs' constitutional rights under the Fourth Amendment were clearly established,[28]

---

[22] R. Doc. 73 at p. 8.

[23] R. Doc. 38-6, DEF 176, Allgrunn Video at 12:00-12:30.

[24] *Id*.

[25] R. Doc. 71-1 at Nos. 51 and 52. Regarding the specific acts of force Plaintiffs allege, Defendants only offer that "Allgrunn did not push Angela Terrell into the back of the vehicle." They fail to address Defendant Allgrunn pulling Mrs. Terrell by the hair and placing her in a headlock.

[26] R. Doc. 38-6, DEF 176, Allgrunn Video at 12:01-12:30.

[27] *Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th Cir. 2018) ("[A] constitutional violation occurs when an officer tases, strikes, or violently slams an arrestee who is not actively resisting arrest."); *Perry v. City of Bossier*, No. 17-0583, 2018 U.S. Dist. LEXIS 179421, at *48 (W.D. La. Oct. 17, 2018).

[28] *Dunnaway*, 657 F. App'x 258, 261 (5th Cir. 2016) (*citing Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009)). *See also Brooks v. City of W. Point*, 639 F. App'x 986, 988 (5th Cir. 2016) (*citing Mangieri v. Clifton, 29*

including the right to be free from excessive force, long before Defendant Allgrunn attacked Mr. and Mrs. Terrell.[29] As such, Mrs. Terell is entitled to a judgment that qualified immunity should be denied on this claim.

### D. Defendants Do Not Dispute that Defendant Allgrunn Used Excessive Force Against Mr. Terrell.

In their Opposition, Defendants do not oppose or even address Mr. Terrell's excessive force claim. As such, Plaintiffs are entitled to summary judgment on Mr. Terrell's excessive force claim and his request to deny Defendants of qualified immunity.

### E. Plaintiffs are Entitled to Summary Judgment on Their *Monell* Claim.

Under the theory developed by the United States Supreme Court in *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978), a sheriff's office is liable under Section 1983 if its "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[30]

Defendants' only arguments in opposition of Plaintiffs' Motion for Summary Judgment on their *Monell* claim regarding Defendant Richardson's liability for his officers' constitutional violations is that Plaintiffs "failed to show" a violation to their constitutional rights, and failed to show that DPSO has a policy, custom, or practice of violating any constitutional right.[31] As outlined in their Memorandum in Support, Plaintiffs provided ample support to show violations to multiple of their constitutional rights. Despite Plaintiffs' citing to nineteen exhibits and five pages

---

F.3d 1012, 1016 (5th Cir. 1994)) ("The right to be free from arrest without probable cause is a clearly established constitutional right."); *Deville v. Marcantel*, 567 F.3d 156, 166 (5th Cir. 2009) (*citing Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004); *see Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994)) ("There is no doubt that it was clearly established in August 2005 that "[a]n arrest is unlawful unless it is supported by probable cause.")

[29] *Deville at* 169; *Perry v. City of Bossier*, No. 17-0583, 2018 U.S. Dist. LEXIS 179421, at *35 (W.D. La. Oct. 17, 2018).

[30] *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (*quoting Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).

[31] R. Doc. 73 at p. 9.

of arguments supporting their claim for municipal liability under *Monell*, Defendants do not point to a single material fact showing a dispute that DPSO has a policy, custom, or practice of violating any constitutional right.

Further, *Monell* allows for additional methods of showing liability, as, in addition to an official custom or policy, a local government entity may be liable based on "a deliberately indifferent failure to train or supervise."[32] Plaintiff provided ample evidence that Defendant Richardson was deliberately indifferent in his obligations to train and supervise the individual Defendants, including a lack of training and discipline for them, and was deliberately indifferent in the hiring of Defendant Allgrunn, despite his deeply troubled past as shown by his personnel file from the Shreveport Police Department. Defendants do not argue that Plaintiff failed to satisfy this method of establishing *Monell* liability and, as such, summary judgment should be granted.

### F. Defendants Fail to Address any of Plaintiffs' State Law Claims.

In their Opposition, Defendants do not point to a single disputed material fact and provide no legal or factual analysis regarding the four state law claims against them that Plaintiffs moved for summary judgment on—the assault and battery of Mrs. Terrell, the false arrest and imprisonment of Mrs. Terrell, and the negligent and intentional infliction of emotional distress against both Plaintiffs. Instead, Defendants summarily argue that "Plaintiffs' state law claims have no merit. Plaintiffs cannot meet their burden of proof on those claims. Defendants are entitled to qualified immunity under Louisiana jurisprudence and under La. R.S. 9:2798.1 on Plaintiffs' state law claims,"[33] and adopt the arguments made in their instant Opposition and Memorandum in Support of their Motion for Summary Judgment, R. Doc. 38-16. As outlined in Sections I-L in

---

[32] *City of, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Monell*, 436 U.S. at 694.
[33] R. Doc. 73 at p. 9.

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, R. Doc. 64, Defendants failed to meet their burden to establish that they are entitled to summary judgment on the Terrells' state law claims by, again, relying only on scant factual and legal analysis. As Defendants failed to point to a single disputed fact as to these claims, Plaintiffs are entitled to summary judgment.

Further, Defendants do not dispute that *respondeat superior* warrants summary judgment against Defendant Richardson for the individual Defendants violations of state law.

### G. Plaintiffs' Summary Judgment Evidence is Admissible and Defendants' Objections Should Be Overruled.

#### 1. *Affidavit of Curtis Terrell, R. Doc. 58-3*

Defendants object to Mr. Terrell's affidavit which was submitted in support of Plaintiffs' Motion to Strike, R. Doc. 58, not in support of Plaintiffs' Motion for Summary Judgment, R. Doc. 50. Therefore, Defendants' objection should have been lodged in their Opposition to Plaintiffs' Motion to Strike, R. Doc. 67. They failed to raise it, despite briefing 11 pages in opposition.

#### 2. *Affidavit of Lenzey Terrell, R. Doc. 50-6*

Defendants argue that the Court should not consider this affidavit in its entirety because it contains "information of which Sara Roach does not have personal knowledge[.]"[34] However, Sara Roach does not need to have personal knowledge of the information in Ms. Terrell's affidavit. Further, they claim that "the statements by Curtis and Angela Terrell which are relayed through Lenzey Terrell's statements in her affidavit are all inadmissible hearsay."[35] However, the interactions described in Ms. Terrell's affidavit are admissible as she was reporting the present sense impression and then existing mental and emotional conditions of the Terrells as allowed under Rule 803(1,3). Further, Defendants admit that portions of Lenzey Terrell's affidavit are

---

[34] *Id*. at p. 14.
[35] *Id*.

admissible including her "statements regarding what she could personally hear of the incident while on the phone with Curtis and Angela Terrell and her statements regarding her personal observations of Curtis Terrell after the fact[.]"[36] Therefore paragraphs 1-7 and 9-2 should be admitted regardless of this Court's ruling on the hearsay exceptions.

### 3. *Arrest Video Transcript, R. Doc. 50-7*

Defendants argue that the transcript should be excluded because the "video speaks for itself without the aid of a transcript."[37] However, the transcript is provided for the convenience of the Court and does not need to be excluded merely because the video also exists. Transcripts are regularly admitted in federal court to assist the fact finder.[38]

Defendants further argue that the transcript should be excluded because it is inaccurate because it does not include statements from the Terrells' neighbor, Shirley Youngblood.[39] As previously noted, Ms. Youngblood is unidentifiable and inaudible on the video. Finally, Michelle Fuller certified that the transcript "constitute[s] a true and correct statement, to the best of my knowledge and ability."[40]

### 4. *Letter from District Attorney to Curtis Terrell, R. Doc. 50-11.*

Defendants argue that the letter refusing the charges against Curtis Terrell is hearsay and not properly authenticated. As an initial matter, Defendants' objection is premature, as Plaintiffs would have the opportunity to authenticate the letter at trial.[41] Further, the Fifth Circuit explicitly

---

[36] *Id.* at p. 10.
[37] *Id.*
[38] *United States v. Murray*, 988 F.2d 518, 525 (5th Cir. 1993) (citing *United States v. Wilson*, 578 F.2d 67, 69 (5th Cir. 1978)). *See also United States v. Stevens*, 778 F. Supp. 2d 683, 707 (W.D. La., Monroe Division, 2011); *United States v. Onori*, 535 F.2d 938, 948 (5th Cir. 1976) ("We conclude that it is unnecessary for the trial court to decide whether a transcript is accurate before that transcript is given to the jury, so long as each side to the dispute is given an opportunity to submit a transcript containing its version of a conversation.").
[39] *Id.* at p. 10.
[40] R. Doc. 50-6 at p. 2.
[41] *Williams v. Gaitsch*, No. 5:08-cv-0772, 2011 U.S. Dist. LEXIS 97312, at *4 (W.D. La. Aug. 30, 2011). *See also Baugh v. Voyager Indem. Ins. Co.*, No. 19-14275, 2020 U.S. Dist. LEXIS 224321, at *10 (E.D. La. Dec. 1, 2020) (holding that evidence that could be authenticated at trial may be considered on summary judgment.")

"does not require conclusive proof of authenticity before allowing the admission of disputed evidence[,] and Rule 901 does not limit the type of evidence allowed to authenticate a document. It merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be."[42] The Fifth Circuit has further held that a party "may authenticate a document with circumstantial evidence, 'including the document's own distinctive characteristics and the circumstances surrounding its discovery.'"[43] Finally, "[a]uthentication is a low burden, requiring only a showing 'sufficient to support a finding that the item is what the proponent claims it is[.]'"[44] Here, Plaintiffs can easily meet this burden, as the letter is under District Attorney Gary Evan's seal and signature so it is self-authenticating under FRE 902(1).[45]

Further, the letter falls into the hearsay exception of records of a regularly conducted activity of Rule 803(6) as it was made at or near the time the District Attorney refused the charges, kept in the course of the office's regularly conducted business, as was regular practice, and Defendants do not argue that the record is untrustworthy. Similarly, the letter falls within the public records exception of Rule 803(8), as it sets out the DA's activities, describes findings from a legally authorized investigation, and Defendants fail to show that the document lacks trustworthiness.

Defendants further object to the exhibit because the letter could confuse a jury, because Mr. Terrell "was apparently on a first-name basis with the then-DeSoto District Attorney, Gary Evans."[46] However, only this Court, and not a jury, will review the evidence attached to the summary judgment motion in order to make a determination on the merits at this stage. Therefore,

---

[42] *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) (*quoting United States v. Jimenez-Lopez*, 873 F.2d 769, 772 (5th Cir. 1989).

[43] *Id.* (citations omitted).

[44] *Dugas v. Ace Am. Ins. Co.*, 468 F. Supp. 3d 769, 773 (W.D. La. 2020) (citations omitted).

[45] *See Vedros v. Northrop Grumman*, No. 11-1198, 2015 U.S. Dist. LEXIS 199628, at *14-15 (E.D. La. June 8, 2015) (overruling a party's objection as to the authenticity of a policy clearly bearing a company's logo as "frivolous.").

[46] R. Doc. 73 at p. 11.

there is no risk of prejudice by confusion to a jury. Further, should Defendant have wished to introduce facts regarding some alleged relationship between the District Attorney and Mr. Terrell to inform the Court's decision as to the weight to provide to his evidence they could have, however, they chose not to do so. Finally, concerns about the proper weight to give this exhibit fall within the discretion of the Court, but do not affect admissibility.

### 5. Affidavit of Sara Roach, R. Doc. 50-13

Despite Defendants' objections, Ms. Roach's affidavit is admissible in its entirety. Defendants only object to statements regarding "what Angela Terrell told Sara Roach about the incident; what Curtis Terrell told Sara Roach about the incident; why Curtis Terrell lost his job; whether Angela Terrell trusts the police or is afraid of them; and whether Angela Terrell has been pulled over by police officers in DeSoto Parish after the incident at issue,"[47] and do not object to the declarations in bullet points 1-3, 6,7, and 11-13.As to the bullet points Defendants do object to (4, 8-10), these paragraphs are admissible as exceptions to hearsay under FRE 803(1,3) because the declarant was providing a present sense impression and then existing mental and emotional conditions of the Terrells as allowed. Further, these statements are not offered for the truth of the matter asserted— but offered to show the profound impact Defendant Allgrunn's abuse had on the Terrells and their family and are, therefore, not hearsay.

### 6. Reports by Amy Bienvenu, LCSW-BACS, R. Docs. 50-14 and 50-16

Defendants argue that the letters from Amy Bienvenu regarding her treatment of Mr. and Mrs. Terrell are hearsay and "have not been authenticated as any sort of medical or mental health record"[48] However, all reports of Mr. and Mrs. Terrell's statements in these letters fall within the hearsay exceptions of Rules 803(1), as it contains a present sense impression and then existing

---

[47] R. Doc. 73 at p. 12.
[48] R. Doc. 73 at p. 12.

mental and emotional conditions of the Plaintiffs; 803(4) as a statement made for medical diagnosis and treatment, describing information regarding their "past or present symptoms or sensations; their inception; or their general cause,"[49]; and 803(6) as records of a regularly conducted activity, as the letters were written near the time Ms. Bienvenu treated Plaintiffs, kept in the course of her regularly conducted business, as was regular practice, and Defendants do not argue that the record is untrustworthy. Additionally, the letters contain non-hearsay, which is not from another declarant, including Ms. Bienvenu's diagnoses and impressions of Mr. and Mrs. Terrell.

Further, as outlined in Section G(4), *supra*, Defendants' objection as to the authenticity of these documents is premature and can be easily overcome, as the letters are on Ms. Bienvenu's letterhead and include her signature. Also, despite Defendants' argument to the contrary, these records are authenticated as required by FRE 902(11) because they are accompanied by a certification, which was inadvertently not included in Plaintiffs' original filing, and are submitted here as Exhibits 1 and 2. Finally, Ms. Bienvenu sent these letters to defense counsel in response to Defendants' subpoena request, who then produced them to Plaintiffs in discovery, both of which rebut Defendants' attempted attack on their authenticity.[50]

### 7. Bill of Information charging Defendant Allgrunn with Malfeasance in Office, R. Doc. 50-18

Defendants argue that the Bill of Information issued by the Desoto Parish District Attorney's Office is inadmissible hearsay and has not been authenticated. As outlined in Section

---

[49] Rule 803(4)(B).

[50] *Pierre v. RBC Liberty Life Ins.*, No. 05-1042-C-M2, 2007 U.S. Dist. LEXIS 102568, at *5-6 (M.D. La. June 12, 2007) (holding that the fact that disputed documents were produced by the defendant "provides sufficient evidence of authenticity to survive a challenge under Fed. R. Evid. 901.")(*citing Cantrell v. Morris*, 2006 U.S. Dist. LEXIS 90960, 2006 Wl 3743109 (N.D. Ind. 2006); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 476 F.Supp.2d 913 (N.D. Ill. 2007)("When a party has produced the document in question in response to a subpoena or discovery request, he has implicitly authenticated the document, and it can therefore be considered in evaluating a summary judgment motion).")

G(4), *supra*, Defendants' objection as to the authenticity of this document is premature and can be easily overcome, as the Bill of Information is under the seal and signature of the District Attorney. Further, pursuant to FRE 902 (1, 4, and 11) it is admissible as a public document because it is signed and sealed by the 42nd Judicial District Court in the regular course of business.

Nor should it be excluded at this stage for including hearsay, as the Bill of Information falls within the public records exception of Rule 803(8) as it sets out the DA's activities, describes findings from a legally authorized investigation, and Defendants fail to show that the document lacks trustworthiness. Further, the exhibit is not merely presented for the truth of the matter asserted, as Plaintiffs' original Memorandum in Support, R. Doc. 50-1, only relied on the Bill of Information to show that Defendant Richardson had knowledge of the charges and failed to investigate, discipline or train Defendant Allgrunn, and not to show that the charges against Defendant Allgrunn were substantiated.

### *8. KLSA and Shreveport Times News Articles, R. Docs. 50-20, 21, 22, and 34*

Defendants argue that the news articles are unauthenticated hearsay and should be excluded.[51] Again, as outlined in Section G(4), *supra*, Defendants' objection as to the authenticity of these documents is premature and can be easily overcome, as the articles contain the logos and web domains of their respective news outlets.[52] Further, as clearly set out in Plaintiffs' Memorandum in Support, the exhibited news articles are not presented for the truth of the matter

---

[51] R. Doc. 73 at p. 13.

[52] Further, these articles are still publicly accessible online and can be accessed at the following web addresses:

R. Doc. 50-20 is available at https://www.ksla.com/2020/07/30/videos-raise-questions-whether-desoto-parish-deputies-used-excessive-force/

R. Doc. 50-21 is available at https://www.ksla.com/2021/05/04/desoto-parish-deputy-accused-using-excessive-force-now-facing-misdemeanor-charges-rather-than-felony/

R. Doc. 50-22 is available at https://www.ktbs.com/news/former-dpso-deputy-banned-from-law-enforcement-charges-dismissed/article_07b1b6be-09d5-11ec-a493-cb10e33eacda.%e2%80%a6

R. Doc. 50-34 is available at https://www.shreveporttimes.com/story/news/2021/09/28/louisiana-aclu-excessive-force-lawsuit-desoto-parish-sheriffs-office-state-police/5902987001/

asserted, but rather to show that widespread public reporting occurred such that Defendant Richardson knew of Defendant Allgrunn's and other DPSO officers' repeated violations of citizens' constitutional rights, and he failed to properly investigate or discipline these officers, which Defendants do not dispute in their Opposition. Therefore, they are not hearsay.

Finally, Defendants object to these exhibits because they "contain incomplete and biased accounts of what is shown in the video of this incident, as well as incomplete and biased accounts of other incidents that have nothing to do with this case."[53] Defendants fail to state the legal basis for this objection, but appear to be making complaints based on the weight they would like the Court to apply to this evidence based on credibility assessments, which would not justify exclusion of consideration of these exhibits by this Court.

### 9. *Letter Regarding Defendant Allgrunn's Surrender of POST Certification, R. Doc. 50-23 at pp. 3-4*

Defendants argue that the letter in which Defendant Allgrunn informs the District Attorney that he is giving up his POST Certification, insuring he can never be an officer again, has "no relevance to this case."[54] However, this is highly relevant to Plaintiff's Motion for Summary judgment, as Plaintiffs rely on the letter to establish that Defendant Richardson failed to discipline Defendant Allgrunn and, instead, allowed him to voluntarily resign despite pending criminal charges and ample evidence of misconduct. Again, this is relevant to their *Monell* claim regarding Defendant Richardson's failure to train or supervise, which, as described in Section E, *supra*, Defendants do not dispute in their Opposition. Plaintiffs do not rely on the letter to establish the truth of the matter asserted, but again, to show Defendant Allgrunn's deliberate indifference in failing to train, discipline and supervise his officers.

---

[53] *Id.*
[54] *Id.* at p. 14.

Defendants further contend that, to the extent it is relevant, "[t]he fact that he was charged with something would cause unfair prejudice and confuse a jury."[55] However, no jury will be involved in reviewing Plaintiffs' exhibits in support of their Motion for Partial Summary Judgment, therefore, there is no risk of prejudice or confusion to the jury.

### 10. Facebook Post of LaChristion "Sparkle" Williams, R. Doc. 50-24.

Defendants argue that Ms. Williams' Facebook post is irrelevant hearsay that has not been properly authenticated. Defendants' objection as to the authenticity of this documents is premature and can be easily overcome, as the submitted profile contains Ms. Williams' name and picture.[56] Further, Ms. Williams's post is admissible, as it describes her present sense impression, as contemplated in Rule 803(1). Further, like the news coverage, her post is not just submitted for the truth of the matter asserted, but to establish that Defendant Richardson had knowledge that citizens openly complained about the treatment Defendant Allgrunn subjected them to and that there was a pattern and practice of unlawful arrests and use of excessive force amounting to a custom or policy at DPSO, which he was deliberately indifferent to.

### 11. Excerpts from Defendant Allgrunn's Shreveport Police Department Personnel File, Doc. 50-25

Defendants argue that Defendant Allgrunn's personnel records are unauthenticated and contain inadmissible hearsay. Defendants' objection as to the authenticity of this documents is premature and can be easily overcome, as document contains the Shreveport Police Department's ("SPD") logo and signatures of various department officials.[57] Further, these records were produced in response to Plaintiff's subpoena request, so Defendants' purported concerns on their

---

[55] *Id.* at p. 14.
[56] *See* Section G(4), *supra*. The post is also still publicly available on Ms. Williams' Facebook profile: https://www.facebook.com/sparkletoocute.dekeara
[57] *See* Section G(4), *supra*.

authenticity are unfounded.[58] Plaintiffs have attached their original subpoena request, email to Defendants regarding the request, and response from SPD's counsel as Exhibit 3.

These records also fall into the hearsay exception of records of a regularly conducted activity of Rule 803(6) as they were made at or near the time SPD investigated these infractions, kept in the course of the Department's regularly conducted business, as was regular practice, and Defendants do not argue that the record is untrustworthy. Similarly, the records fall within the public records exception of Rule 803(8), as it sets out the Department's activities, describes findings from a legally authorized investigation, and Defendants fail to show that the document lacks trustworthiness.

### 12. Facebook Posts from Tonya and Jason Allgrunn, R. Doc. 50-26

Defendants object that the Facebook posts are not properly authenticated and are irrelevant. Defendants' objection as to the authenticity of these documents is premature and can be easily overcome, as submitted profile contains Defendant Allgrunn's name and picture.[59]  Further, as outlined in Plaintiffs' Memorandum in Support, the posts are used to establish Defendant Richardson knew or should have known that Defendant Allgrunn made these inflammatory posts and failed to discipline or train him. As such, the posts are relevant to Plaintiffs' *Monell* claims. Finally, as noted in Plaintiffs' Memorandum in Support, no other versions of these posts are available as Defendant Allgrunn has refused to produce these posts in response to discovery requests and has since deleted them from his page.

---

[58] See Section G(6), *supra*.
[59] *See* Section G(4), *supra*.

***13. Pleadings in Hinson, Charleston, Davis, Chelette, Hunt, Fisk, and Brown, R.***
***Docs. 50-27—33 and 50-35***

Defendants argue that these pleadings are irrelevant and hearsay, as "[a]nyone can write down something on a sheet of paper and file it in court[.]"[60] However, these pleadings fall under the hearsay exception in FRE 803(8).[61] Further, the pleadings are not presented for the truth of the matter asserted, but rather to show that Defendant Richardson knew of DPSO officers' repeated violations of citizens' constitutional rights, and he failed to properly train, investigate, or discipline these officers. This is completely relevant to Plaintiffs' *Monell* claim regarding Defendant Richardson's failure to train or supervise and the pattern and practice of unlawful arrests and use of excessive force amounting to a custom or policy at DPSO, which, as described in Section E, *supra*, Defendants do not dispute in their Opposition.

**H.      Conclusion**

WHEREFORE, for the reasons set forth in the instant Reply, Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment, R. Doc. 50-1, and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, R. Doc. 64, this Court should deny Defendants' Opposition and grant Plaintiffs' Motion for Partial Summary Judgment.


Respectfully submitted,

/s/ Casey R. Denson
**Casey Rose Denson (La. Bar #33363)**
**Justine G. Daniel (La. Bar #36856)**
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 224-0110

---

[60] R. Doc. 73 at p. 16.
[61] *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999) ("[C]ertified court records are public records, thereby falling within the public records exception to the hearsay rule.")

Fax: (504) 534-3380
cdenson@caseydensonlaw.com
jdaniel@caseydensonlaw.com

  /s/ Howard Conday
**Howard E. Conday (La. Bar #35717)**
**LAW OFFICES OF HOWARD E. CONDAY JR., LLC**
113 South Dr., Suite #4
Natchitoches, LA 71457
Telephone: 318-238-1756
assistant@howardcondaylaw.com

*Attorneys for Plaintiffs Curtis Terrell and Angela Terrell*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a copy of the foregoing Reply Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

              /s/     Casey R. Denson
                CASEY ROSE DENSON, ESQ.