# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## for the
### Western District of Louisiana

| | | |
|---|---|---|
| CURTIS TERRELL AND ANGELA TERRELL, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:20-cv-00999-EEF-MLH |
| JASON ALLGRUNN, ET AL., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Shreveport Police Department, 1234 Texas Ave, Shreveport, LA 71101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please produce a certified copy of all documents related to former employee Jason Allgrunn, including but not limited to his personnel file, awards, disciplinary records, citizen or internal complaints, investigations, and/or any other documents and records related to his hiring, employment, and separation.

| Place: Casey Rose Denson, Esq.<br>Casey Denson Law, LLC<br>4601 Dryades Street, New Orleans, LA 70115<br>cdenson@caseydensonlaw.com | Date and Time:<br><br>03/01/2021 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/28/2021

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Curtis Terrell and Angela Terrell _____ , who issues or requests this subpoena, are:

Casey Rose Denson, Esq., 4601 Dryades St. New Orleans, LA 70115, 504-224-0110, cdenson@caseydensonlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  5:20-cv-00999-EEF-MLH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# Fwd: Terrell v. Allgrunn, et al. - Notice of Subpoena

1 message

---

**Casey Denson** <cdenson@caseydensonlaw.com>                     Fri, Jun 17, 2022 at 7:55 PM

**From:** Justine Daniel <jdaniel@caseydensonlaw.com>
**Date:** January 28, 2021 at 4:29:44 PM CST
**To:** James Sterritt <james.sterritt@cookyancey.com>, Ashby Davis <ashby.davis@cookyancey.com>,
Gregg Wilkes <gregg.wilkes@cookyancey.com>, Angela Pesnell <angela.pesnell@cookyancey.com>
**Cc:** Casey Denson <cdenson@caseydensonlaw.com>, Howard <assistant@howardcondaylaw.com>
**Subject: Terrell v. Allgrunn, et al. - Notice of Subpoena**

All,

Attached is a copy of our Notice of Subpoena Duces Tecum and subpoena to the Shreveport Police
Department for Jason Allgrunn's personnel file. Please let us know if you have any questions.

Sincerely,

**Justine G. Daniel, Esq.**
Associate Attorney



## CASEY DENSON LAW

4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 264-1555
Fax:      (504) 534-3380
Email:    jdaniel@caseydensonlaw.com
www.caseydensonlaw.com

CONFIDENTIALITY STATEMENT
This message from the law firm of Casey Denson Law, LLC contains information which is privileged and confidential and is solely for the use
of the intended recipient.  If you are not the intended recipient, be aware that any review, disclosure, copying, distribution, or use of the
contents of this message is strictly prohibited.  If you have received this in error, please destroy it and notify us immediately. Thank you.

---

**2 attachments**

 **2021.1.28 Notice of SDT to SPD.pdf**
76K

 **2021.1.28 SDT to Shreveport PD.pdf**

232K



**CASEY DENSON LAW**

Phone: (504) 224-0110
Fax: (504) 534-3380
4601 Dryades Street
New Orleans, LA 70115
cdenson@caseydensonlaw.com
caseydensonlaw.com

CONFIDENTIALITY STATEMENT

This message from the law firm of Casey Denson Law, LLC contains information which is privileged and confidential and is solely for the use of the intended recipient.  If you are not the intended recipient, be aware that any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited.  If you have received this in error, please destroy it and notify us immediately. Thank you.

---------- Forwarded message ---------
From: **Joseph Woodley** <jwoodley@padwbc.com>
Date: Wed, Feb 10, 2021 at 10:43 AM
Subject: Suit Number 20-999 USDC Western District of Louisiana
To: <cdenson@caseydensonlaw.com>

Mr. Denson

I am a contract attorney assisting with responses to subpoenas.

Your subpoena in the above referenced matter is ready to be filled.

The cost of the production is $81.00.

Please forward a check to me payable to Shreveport Police Department in that amount and I will forward the documents.

My mailing address is 400 Texas St., Ste 400, Shreveport, LA. 71101.

Joseph S. Woodley

318 221 1800